PEOPLE v DAY

Docket No. 63960. Submitted March 9, 1983, at Detroit.—Decided July 19, 1983.

Barry S. Day was convicted, on his plea of guilty, of larceny over $100 and felonious assault, St. Clair Circuit Court, Peter E. Deegan, J. At the sentencing proceedings the trial court imposed the sentences recommended in the presentence report and advised the defendant of his right to appeal, whereupon the defendant began shouting obscenities at the judge and concluded by "exposing himself" before being forcibly removed from the courtroom. The following day the sentencing court ordered the defendant to the courtroom and imposed new, enhanced, sentences, citing the defendant's outburst of the day before. Defendant appeals, alleging that it was error to alter the original sentences. *Held:*

The trial court, having imposed valid final sentences, was thereafter without jurisdiction to vacate or amend the sentences.

The enhanced sentences are vacated, and the original sentences reinstated.

CRIMINAL LAW — SENTENCING — AMENDMENT OF SENTENCE.

A trial court, having once imposed a valid sentence upon a criminal defendant, is thereafter without jurisdiction to vacate or amend that sentence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert H. Cleland,* Prosecuting Attorney, and *C. Denton Wolf,* Chief Appellate Attorney, for the people.

State Appellate Defender (by *Mardi Crawford),* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 580.

Before: J. H. GILLIS, P.J., and HOOD and M. R. KNOBLOCK,* JJ.

M. R. KNOBLOCK, J. Pursuant to a plea bargain agreement, defendant was convicted by plea of guilty of larceny over $100, MCL 750.356; MSA 28.588, and felonious assault, MCL 750.82; MSA 28.277. He was sentenced to be imprisoned for a period of three years four months to five years on the larceny conviction and two years eight months to four years on the assault conviction. He appeals as of right raising one issue.

Defendant initially appeared before the court for sentencing on January 25, 1982. Both defense counsel and the defendant were afforded an opportunity to advise the court of any circumstances they believed the court should consider in passing sentence, and each declined. The sentencing judge stated on the record that he was of the opinion that the sentence recommendation contained in the presentence report was "fair and just under the circumstances" and proceeded to sentence defendant in accordance therewith; two and one-half to five years imprisonment on the larceny conviction and two to four years imprisonment on the assault conviction, the sentences to run concurrently. Defendant was then advised of his right to appellate review of his conviction, after which defendant began shouting obscenities at the sentencing judge and concluded by "exposing himself" in the courtroom. Pursuant to the judge's order, the defendant was forcibly removed from the courtroom.

On the following morning, January 26, 1982, the defendant was again brought before the court. The sentencing judge stated on the record that he was

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of the opinion that the sentencing had not been completed when the defendant had disrupted the proceedings on the previous day and that he had ordered that the defendant be brought before the court for the purpose of completing the sentencing proceedings. Thereafter, over defense counsel's objection, the defendant was sentenced to the first mentioned prison terms. Defendant asserts on appeal that the alteration of the original sentences imposed constitutes reversible error. We agree.

We first note that the change in sentences in this case was not to clarify an ambiguity, nor was it to correct a prior misstatement in announcing sentence as was the case in *People v Dotson,* 112 Mich App 589; 316 NW2d 268 (1982). Simply stated, the second, enhanced sentences were imposed in response to defendant's outburst following the initial imposition of sentence. This is clear from the record of the second sentencing proceeding when the sentencing judge stated:

"The suggested sentence that the court wanted to be able to impose, hoping to be able to give Mr. Day a certain amount of leniency even though his actions and the particular crime that brought him in front of this court would not necessarily indicate that, that was merited, the court could not overlook the choice of action, defiance of the court in front of the court and the attitude which the court deems of an assaultive character on the part of Mr. Day as he chose to conduct himself in the court's presence."

On the record presented, we conclude that the original sentences were valid final sentences, and that the court was thereafter without jurisdiction to vacate or amend those sentences. *People v Meservey,* 76 Mich 223; 42 NW 1133 (1889); *People*

*v Barfield,* 411 Mich 700; 311 NW2d 724 (1981).[1] The question of whether the defendant's conduct may have constituted contempt is not before us, it being clear from the record that the court did not proceed to punish for contempt.

The second sentences imposed are vacated and the initial sentences are reinstated.

Reversed.

---

[1] See also Judge GILLIS's partially dissenting opinion in *People v Stewart,* 69 Mich App 528; 245 NW2d 121 (1976), and the cases cited therein.