PEOPLE v IACOPELLI

Docket No. 57828. Submitted March 23, 1984, at Detroit.—Decided January 16, 1985.

James Iacopelli was convicted by a jury in Wayne Circuit Court of carrying a concealed weapon in an automobile. He failed to appear for sentencing and remained a fugitive for nine years until his arrest in another state. He was extradited and sentenced to 169 days' imprisonment and fined $2,000 in costs for the extradition, Charles S. Farmer, J. Defendant appealed, arguing that, because the transcripts of his lower court record could not be found and could not be settled as required by the court rules, peremptory reversal of his conviction or a new trial is required. *Held:*

The failure of the state to provide a transcript when, after good faith effort, it cannot physically do so, does not automatically entitle a defendant to a new trial. An appellant is bound to act with reasonable promptness in securing a transcript. The nine-year delay in this case is entirely due to defendant's action and the state will not be faulted for not being able to provide the missing transcripts.

Affirmed.

1. CRIMINAL LAW — CONVICTIONS — APPEAL — TRANSCRIPTS.

The failure of the state to provide a transcript when, after good faith effort, it cannot physically do so, does not automatically entitle a defendant to a new trial; doubts should be resolved in favor of the integrity, competence and proper performance of their official duties by the judge and the prosecuting attorney; any presumption indulged in should be one of regularity, indicating that the court constitutionally discharged its state and federal duties.

2. CRIMINAL LAW — CONVICTIONS — APPEAL — TRANSCRIPTS.

Unavailability of the transcript of the proceedings at which an accused was convicted does not necessarily affect the validity of his conviction; where the state, after good faith effort, cannot

REFERENCES FOR POINTS IN HEADNOTES

[1-4] 4 Am Jur 2d, Appeal and Error §§ 397, 398, 404, 414.
[3] 4 Am Jur 2d, Appeal and Error § 292.

physically supply a transcript, the defendant is not automatically entitled to a new trial but he may offer proof in support of his assertions as to what happened when he was convicted.

3. CRIMINAL LAW — APPEAL — TRANSCRIPTS.
   An appellant is bound to act with reasonable promptness after his trial to secure the trial transcripts.

4. CRIMINAL LAW — CONVICTIONS — APPEAL — TRANSCRIPTS.
   A defendant who, after being convicted, fails to appear for sentencing and is a fugitive for nine years is not entitled to a peremptory reversal of his conviction or a new trial solely because after he has been apprehended and sentenced it is discovered that the transcripts of his lower court record are lost and cannot be settled as required by the court rules (GCR 1963, 812.2[b]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for the people.

*Pasquale Ciccodicola,* for defendant on appeal.

Before: R. M. MAHER, P.J., and D. E. HOLBROOK, JR., and S. J. LATREILLE,* JJ.

PER CURIAM. Defendant was convicted of carrying a concealed weapon in an automobile, MCL 750.227; MSA 28.424. After a jury trial in August, 1971, defendant failed to appear for sentencing and remained a fugitive until July, 1980, when he was arrested in a foreign jurisdiction. After defendant unsuccessfully contested extradition, he was extradited and sentenced to a term of imprisonment of 169 days (which is the time spent incarcerated while contesting extradition) and $2,000 in costs for the extradition. The transcripts of his lower court record are lost and cannot be settled

* Circuit judge, sitting on the Court of Appeals by assignment.

under GCR 1963, 812.2(b). On appeal defendant contends that the loss of those records requires a peremptory reversal. We do not agree.

Merely because the records are unavailable does not give rise to a presumption of entitlement to an automatic reversal.

" 'Doubts should be resolved in favor of the integrity, competence and proper performance of their official duties by the judge and the State's attorney. * * * If any presumption is to be indulged it should be one of regularity rather than of irregularity * * * Such a presumption of regularity indicates that the court constitutionally discharged rather than unconstitutionally disregarded its state and federal duties.' *Bute v Illinois* (1947), 333 US 640, 671, 672 (68 S Ct 763, 92 L Ed 987). The presumption of regularity has been recognized in Michigan. *People v Auerbach* (1913), 176 Mich 23, 43." *People v Carson,* 19 Mich App 1, 7, fn 10; 172 NW2d 211 (1969), *lv den* 383 Mich 780 (1970).

"We do not mean to be understood as saying that the unavailability of the transcript of the proceedings at which an accused person was convicted necessarily affects the validity of his conviction. The failure of the state to provide a transcript when, after good faith effort, it cannot physically do so, does not automatically entitle a defendant to a new trial. *Norvell v Illinois* (1963), 373 US 420 (83 S Ct 1366, 10 L Ed 2d 456), *reh den* 375 US 870 (84 S Ct 27, 11 L Ed 2d 99); *United States, ex rel Smart v Pate* (CA 7, 1963), 318 F2d 559, 562; contrast *United States v Randolph* (CA 7, 1958), 259 F2d 215. We hold, rather, that where there is no transcript the defendant may offer proof in support of his assertions of what occurred when he was convicted." *Id.,* pp 7-8.

The unique twist to this case is that the ten-year delay between conviction and claim of appeal is wholly attributable to the defendant.

"The appellant is bound to act with reasonable

promptness after the trial in securing the transcript from the reporter, and if his failure to secure the transcript is due primarily to his own negligence or delay, rather than to the death or disability of the reporter, a new trial will generally be denied." 19 ALR2d 1098, 1107.

Here defendant did not attempt to protect his rights. Although this appeal is technically timely, GCR 1963, 803.1, the nine-year delay between conviction and sentencing is a mockery of our system. The state has a right to rely on expeditious claims of appeal by defendants. To allow such a claim to stand under circumstances such as this would be to allow form to overtake substance.

While we agree that a defendant has a constitutional right to appeal where, as here, he has compromised his position by his own misconduct, that right must be balanced. The state's responsibility for lost transcripts should diminish as the defendant-caused delay lengthens. When the delay is as extreme as it is here, and only the right to appeal is alleged (no specific error is noted as in *Carson, supra),* we cannot reward defendant for being a fugitive for nine years.

Accordingly we deny defendant's request for peremptory reversal or a new trial.

Affirmed.