PEOPLE v ACOSTA

Docket No. 79160. Submitted February 12, 1985, at Grand Rapids.—
Decided May 20, 1985.

Defendant, Benjamin Acosta, also known as Jose Juan, was
originally charged in the Ionia Circuit Court with felonious
assault. Defendant and the prosecution entered into a plea
agreement whereby the case was to be remanded to district
court where defendant could enter a plea to aggravated assault.
The circuit court issued an order encompassing the terms of
the stipulated-to agreement and the case was remanded to
district court for entry of the plea. Defendant failed to appear
to enter his plea and was arrested eight months later. The
prosecution then moved to remand to the circuit court and void
the plea bargain. The district court remanded the case to the
circuit court. The circuit court granted the prosecution's motion
to void the plea bargain and reinstated the original charge.
Defendant was then convicted by a jury of felonious assault,
Charles W. Simon, Jr., J. Defendant appeals. *Held:*

1. The circuit court did not err under the circumstances of
this case in granting the prosecution's motion to void the plea
agreement.

2. The circuit court abused its discretion in refusing to give a
jury instruction on the misdemeanor of assault and battery.
The disputed element, specific intent (or lack thereof through
intoxication), was sufficiently in dispute at trial so that the jury
could have consistently found that defendant was unable to
form the requisite intent, and was therefore innocent of feloni-
ous assault, but instead was guilty of assault and battery,
which requires only a general intent. Defendant is entitled to a
new trial.

Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 481.
Adequacy of defense counsel's representation of criminal client
regarding plea bargaining. 8 ALR4th 660.

[2-4] 75 Am Jur 2d, Trial § 876.
Modern status of law regarding cure of error, in instruction as to
one offense, by conviction of higher or lesser offense. 15 ALR4th
118.

1. CRIMINAL LAW — PROSECUTING ATTORNEYS — PLEAS.

A trial court does not err in granting the prosecution's motion to void a plea bargain where the defendant has not lived up to his part of the bargain; strict contract analogy may not be applicable to a plea agreement.

2. CRIMINAL LAW — JURY INSTRUCTIONS — LESSER INCLUDED OFFENSES — MISDEMEANORS.

The conditions for an instruction on a lesser included misdemeanor offense in a trial for a felony are: (1) a specific request has been made; (2) there exists an appropriate relationship between the charged offense and the requested misdemeanor; (3) the requested misdemeanor is supported by a rational view of the evidence; (4) if the prosecution requests the misdemeanor instruction, the defendant has adequate notice of it as one of the charges against which he is expected to defend; and (5) the requested instruction does not result in undue confusion or some other injustice; the trial court has discretion in granting or denying a requested lesser included misdemeanor instruction and is to see to it that the case goes to the jury in a clear and intelligent manner.

3. CRIMINAL LAW — JURY INSTRUCTIONS — LESSER INCLUDED OFFENSES — MISDEMEANORS.

The condition for an instruction on a lesser included misdemeanor offense in a trial for a felony which requires that there exists an appropriate inherent relationship between the charged offense and the requested misdemeanor does not mean that the elements of the lesser offense must be "necessarily" included within the statutory elements of the greater offense since such a relationship does not invariably require that proof of the lesser offense is necessarily presented as part of the commission of the greater offense; the lesser offense need not be a "necessarily" included lesser offense of the greater offense; the focus of the inherent relationship requirement is the protection of the same societal interest.

4. CRIMINAL LAW — JURY INSTRUCTIONS — LESSER INCLUDED OFFENSES — MISDEMEANORS.

The condition for an instruction on a lesser included misdemeanor offense in a trial for a felony which requires that the requested misdemeanor is supported by a rational view of the evidence means that a lesser offense charge is not proper where, on the evidence presented, the factual issues to be resolved by the jury are the same as to both the lesser and greater offenses; the lesser offense must be included within but

not, on the facts of the case, be completely encompassed by the greater; proof on the element or elements differentiating the two crimes must be sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater and guilty of the lesser included offense; a lesser included offense instruction is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser included offense.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Gary M. Gabry,* Prosecuting Attorney, and *Leonard J. Malinowski,* Assistant Attorney General, for the people.

*O'Connor, McNamara & O'Keeffe* (by *Herbert D. Ward, Jr.),* for defendant on appeal.

Before: GRIBBS, P.J., and MACKENZIE and J. B. SULLIVAN,* JJ.

GRIBBS, P.J. Defendant was convicted by a jury of assault with a dangerous weapon (felonious assault). MCL 750.82; MSA 28.277. He appeals as of right. We reverse.

Defendant's conviction arose out of an altercation in a bar where defendant allegedly stabbed another patron. He was originally charged with felonious assault. Defendant and the prosecution entered into a plea agreement whereby the case was to be remanded to district court where defendant could enter a plea to aggravated assault, MCL 750.81a; MSA 28.276(1). The circuit court issued an order encompassing the terms of the stipulated-to agreement and the case was remanded to district court for entry of the plea. Defendant failed to appear to enter his plea, but was arrested eight months later. The prosecution then moved to remand to the circuit court and void the plea bargain. The district court remanded

* Circuit judge, sitting on the Court of Appeals by assignment.

the case to the circuit court, and the circuit court granted the prosecution's motion to void the plea bargain and reinstated the original charge.

Defendant was tried and convicted on the charge of felonious assault. Complainant testified that he felt defendant stick a knife in him and saw the knife in defendant's hand after he was stabbed. He also testified that defendant was intoxicated at the time of the incident. Defendant testified at trial that he had been at the bar but did not remember the incident due to intoxication. Defense counsel requested an instruction on the misdemeanor of assault and battery, MCL 750.81; MSA 28.276, in addition to the instruction on felonious assault. The trial court denied this request and instructed only on the charged greater offense of felonious assault.

Defendant first argues on appeal that the circuit court erred in granting the prosecution's motion to void the plea agreement. He contends that the prosecution could not be released from the agreement since it had already received judicial sanction. See *People v Heiler,* 79 Mich App 714, 721-722; 262 NW2d 890 (1977). He further argues that the court erred by applying contract law to the plea bargain and voiding the bargain due to constructive breach by defendant. Defendant's underlying argument is that by entering a plea nine months after stipulating to the agreement defendant would be living up to his part of the bargain and the prosecution would thereby be bound by the agreement.

The plea agreement entered into by stipulation in the circuit court stated in part:

"3. The Defendant may enter a Plea to Count II [aggravated assault] of the amended information in the District Court;

"4. Upon entry and completion of a Plea of Guilty to Count II by the Defendant, Count I charging the Defendant with the felony offense commonly known as Felonious Assault as set forth at MCL 750.82; MSA 28.277, be dismissed."

Under this agreement, the prosecution was not bound until defendant entered and completed his plea. Although strict contract analogy may not be applicable to a plea agreement, *People v Reagan,* 395 Mich 306, 318; 235 NW2d 581 (1975), defendant did not live up to his part of the bargain when he absconded and failed to enter his plea. We decline to accept defendant's position that the bargain should be enforced irrespective of defendant's bad faith in failing to comply with the bargain by failing to appear. Although there was no explicit time limit or condition as to when or under what circumstances defendant could enter a plea, the requirement that defendant enter and complete his plea contemplated defendant's appearance to enter that plea. Defendant knew of the pending charges and the plea bargain, yet failed to appear on the date of the plea proceeding and was a fugitive for eight months. Under these circumstances, the court did not err in granting the prosecution's motion to void the plea agreement.

Defendant next argues that the trial court abused its discretion in failing to instruct on the lesser offense of the misdemeanor of assault and battery. The trial court found that, since the evidence adduced at trial established the weapon element of felonious assault, and the elements of felonious assault and assault and battery differed, the lesser offense instruction was not required.

The Supreme Court has set out the following conditions for a lesser included misdemeanor instruction:

1. a specific request has been made;

2. there exists an appropriate relationship between the charged offense and the requested misdemeanor;

3. the requested misdemeanor is supported by a rational view of the evidence;

4. if the prosecution requests the misdemeanor instruction, the defendant has adequate notice of it as one of the charges against which he is expected to defend;

5. the requested instruction does not result in undue confusion or some other injustice. *People v Stephens,* 416 Mich 252, 261-265; 330 NW2d 675 (1982).

Only the second and third conditions are at issue in the case at bar.

The second condition requires that there be an appropriate relationship between the charged offense and the requested misdemeanor:

" '[T]here must also be an "inherent" relationship between the greater and lesser offenses, *i.e., they must relate to the protection of the same interests, and must be so related that in the general nature of these crimes, though not necessarily invariably, proof of the lesser offense is necessarily presented as part of the showing of the commission of the greater offense.'* United States v Whitaker, 144 US App DC 344, 349; 447 F2d 314 (1971).

"This requirement is also familiar to our jurisprudence. In *People v McDonald,* 9 Mich 150, 153 (1861), the Court found the offense of assault, or assault and battery 'included' within an indictment charging felonious assault.[1] In *People v Ora Jones,* 395 Mich 379, 390;

[1] The fact that the language in the information in the case at bar, in contrast to *People v McDonald,* 9 Mich 150 (1861), did not describe a completed battery (stabbing) does not preclude the existence of an inherent relationship between the felonious assault and the assault and battery offenses in the instant case. The requirement that to

236 NW2d 461 (1975), the Court referred to 'the common purpose of the statutes', which protected the same 'societal interest'. See also *United States v Johnson,* 637 F2d 1224, 1234 (CA 9, 1980); *United States v Stolarz,* 550 F2d 488 (CA 9, 1977), *cert den* 434 US 851; 98 S Ct 162; 54 L Ed 2d 119 (1977), adopting the 'inherent relationship' test." (Emphasis added.) *Stephens, supra,* p 262.

An inherent relationship between the offenses does not mean that the elements of the lesser offense must be "necessarily" included within the statutory elements of the greater offense since such a relationship does not *invariably* require that proof of the lesser offense is necessarily presented as part of the commission of the greater offense. In other words, the lesser offense need not be a "necessarily" included lesser offense of the greater offense. Thus, in the instant case, the presence of the element of battery in the misdemeanor, although not present in the felonious assault offense, does not defeat the inherent relationship between the greater and lesser offenses.

convict a defendant of a technically uncharged lesser offense the language of the indictment or information on the greater offense must encompass the elements of the lesser offense is intended as a protection of a defendant's right to know the nature and cause of the accusations against him. See *People v Ora Jones,* 395 Mich 379, 388; 236 NW2d 461 (1975).

*Stephens* recognized this situation in its fourth condition for instructions on lesser included misdemeanors:

"The fourth condition for an instruction on a lesser included offense is that if the prosecutor requests the instruction, the defendant must have adequate notice of it as one of the charges against which he is expected to defend * * *. However, the doctrine of mutuality should not prevent the defendant from requesting a lesser included offense instruction that the prosecutor would be barred from requesting." *Stephens, supra,* p 264.

A defendant who requests and receives an instruction on a "cognate" lesser offense in a case where the indictment or information does not include language which describes the additional elements of the lesser offense and is subsequently convicted of the lesser offense would clearly be precluded from later arguing that he could not be convicted of a crime with which he was not charged.

The focus of the inherent relationship requirement is the protection of the same societal interest. In the case at bar, one common purpose of the felonious assault and assault and battery statutes is the protection of the public from the fear and possibility of physical harm. Contrast *People v Baker,* 127 Mich App 297, 299-300; 338 NW2d 391 (1983).

The third condition, that the requested misdemeanor be supported by a rational view of the evidence adduced at trial,[2] was explained in *Stephens* as follows:

" '*proof on the element or elements differentiating the two crimes must be sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater and guilty of the lesser included offense.'* Whitaker, p 347. (Footnote omitted.)

\* \* \*

" 'a lesser offense charge is not proper where, on the evidence presented, the factual issues to be resolved by the jury are the same as to both the lesser and greater offenses. *Berra v United States* [351 US 131; 76 S Ct 685; 100 L Ed 1013 (1956)]; *Sparf v United States,* 156

---

[2] Since the duty of the trial court to instruct on lesser included cognate offenses is determined by the *evidence,* not by the elements of the offenses charged, *Stephens, supra,* p 263; *Ora Jones, supra,* p 390, the earlier holding in *People v Kynerd,* 314 Mich 107, 117; 22 NW2d 90 (1946), which does not require the trial court to instruct on assault and battery as a lesser offense of felonious assault unless the information also charges a battery, is not applicable. See also *People v Etheridge Turner,* 37 Mich App 226, 230; 194 NW2d 546 (1971), *lv den* 387 Mich 767 (1972).

We also point out that this Court in *People v Parker,* 50 Mich App 537, 539-540; 213 NW2d 576 (1973), held that assault and battery is not a lesser included offense of felonious assault. However, the Court was apparently considering whether or not assault and battery is a "necessarily" included lesser offense. The opinion in *Parker* also relied on this Court's opinion in *People v Richard Johnson,* 42 Mich App 544; 202 NW2d 340 (1972). The Court in *Johnson* found that the denial of defendant's request for an instruction on assault and battery as a lesser offense was proper where defendant was neither charged with battery *nor was there any proof* at trial that a battery had occurred. See also *People v Stram,* 40 Mich App 249, 253; 198 NW2d 753 (1972), *lv den* 388 Mich 796 (1972).

US 51, 63-64; 15 S Ct 273; 39 L Ed 343 (1895). In other words, the lesser offense must be included within but not, *on the facts of the case,* be completely encompassed by the greater. A lesser-included offense instruction is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser-included offense. *Berra v United States, supra; Sparf v United States, supra,* pp 63, 64.' *Sansone v United States,* 380 US 343, 349-350; 85 S Ct 1004; 13 L Ed 2d 882 (1965)." (Emphasis added.) *Stephens, supra,* p 263.

The disputed elements in the case at bar were not the presence of the knife or the stabbing. The stabbing with the knife would support either a felonious assault (weapon) or an assault and battery (battery) conviction. The disputed element at trial was intent. The prosecution contended that defendant had formed the specific intent required for felonious assault. See *e.g., People v Korona,* 119 Mich App 369, 370; 326 NW2d 143 (1982); *People v Wilson,* 113 Mich App 591, 593; 318 NW2d 479 (1981). Defendant argued that his state of intoxication rendered him incapable of entertaining the intent required for felonious assault. See *People v Savoie,* 419 Mich 118; 349 NW2d 139 (1984). The disputed element, specific intent (or lack thereof through intoxication), was sufficiently in dispute at trial so that the jury could have consistently found that defendant was unable to form the requisite intent and was therefore innocent of felonious assault, but instead found him guilty of assault and battery which requires only a general intent. Moreover, the jury was not given any other instructions on lesser offenses, such as simple assault, whereby by convicting defendant of the greater offense the jury would have explicitly rejected defendant's theory of inability to form specific intent. See *People v Rochowiak,* 416 Mich 235, 245-246; 330 NW2d 669 (1982).

The trial court has discretion in granting or denying a requested lesser included misdemeanor instruction. This discretion is embodied in the fifth condition that the requested instruction not result in undue confusion or some other injustice. *Stephens, supra,* p 264. The trial court should exercise its discretion "to see to it that the case goes to the jury in a clear and intelligent manner". *Stephens,* p 265, citing *People v Murray,* 72 Mich 10, 16; 40 NW 29 (1888).

In the case at bar, the requested instruction met the *Stephens* conditions set out by the Supreme Court and would not have resulted in any confusion or injustice. The trial court did not consider the criteria set out in *Stephens* which, in this case, supported the giving of the requested instruction. Neither did it consider whether the evidence would support a conviction of the lesser misdemeanor offense. Instead, the court focused on the evidence of a weapon and on the difference in the elements of the greater and lesser offenses. As discussed above, a difference in the elements of the offenses does not preclude the giving of a lesser included offense instruction. On the facts of this case, we find that the trial court abused its discretion in refusing to give the requested misdemeanor instruction and defendant is entitled to a new trial. The remaining issues on appeal need not be addressed.

Reversed and remanded.