## PEOPLE v GARVIN

Docket No. 93417. Submitted December 9, 1986, at Detroit. Decided April 6, 1987. Leave to appeal denied, 428 Mich —.

Defendant, Larry Garvin, pled guilty to breaking and entering a building on September 18, 1981, before Recorder's Court Judge Donald Hobson. Defendant pled guilty under the name of Raleigh E. Lewis. Prior to sentencing, defendant escaped from custody on September 22, 1981. Although incarcerated several times under various aliases following the escape, defendant was not sentenced for the breaking and entering conviction until December 20, 1985. Defendant appeals raising several issues.

The Court of Appeals *held:*

1. Defendant implicitly waived his right to withdraw his guilty plea and also provided a justification for a longer sentence than originally recommended in the plea agreement when he escaped and committed subsequent crimes prior to sentencing. The trial court did not abuse its discretion in denying defendant's motion to withdraw his plea.

2. Defendant does not have a right to withdraw his guilty plea simply because the record of the guilty plea proceeding has been lost.

3. Defendant was not prejudiced by the delay in sentencing and was not denied his right to a speedy trial.

4. Resentencing is mandated due to the trial court's failure to articulate the reasons for defendant's sentence and due to the fact that the trial court increased defendant's sentence following defendant's objections at sentencing. Resentencing shall be before a different trial judge.

Affirmed and remanded for resentencing.

References

Am Jur 2d, Criminal Law §§ 481, 483, 484, 486, 501-505, 580, 581, 652-654, 659, 662, 849, 853, 855, 861.

Comment Note.—Right to withdraw guilty plea in state criminal proceedings where court refuses to grant concession contemplated by plea bargain. 66 ALR3d 902.

See also the annotations in the Index to Annotations under Sentence and Punishment; Speedy Trial.

1. CRIMINAL LAW — GUILTY PLEAS — WITHDRAWAL OF PLEAS — PLEA BARGAINS.

> A defendant generally has the right to withdraw his guilty plea if the trial court rejects the proffered bargain or chooses not to follow the prosecutor's sentence recommendation; the right to withdraw a plea is not absolute and may be waived in an instance where the defendant escapes from custody following his plea and prior to sentencing; such escape may also provide justification for a longer sentence than originally recommended by the prosecutor.

2. CRIMINAL LAW — GUILTY PLEAS — WITHDRAWAL OF PLEAS — RECORDS.

> A defendant may be determined not to have a right to withdraw his guilty plea because the record of the guilty plea proceeding has been lost where the defendant has compromised his position by his own misconduct, such as by his escape from custody following his plea and prior to sentencing.

3. CRIMINAL LAW — SPEEDY TRIAL — DELAYED SENTENCING.

> A four-part balancing test is utilized in determining whether a defendant's right to a speedy trial or sentencing has been violated: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant.

4. CRIMINAL LAW — SENTENCING — DELAYED SENTENCING.

> Sentencing is included within the guarantee of the right to a speedy trial; a delay in sentencing of over four years, absent an explanation, may be determined to be excessive; however, such a lapse of time in and of itself does not cause a court to lose jurisdiction to sentence a defendant.

5. CRIMINAL LAW — SENTENCING — RESENTENCING — ENHANCED SENTENCES.

> Resentencing is mandated where a trial court increases the sentence given to a defendant following the defendant's objection to the sentence originally determined to be appropriate.

6. CRIMINAL LAW — RESENTENCING — JUDGES.

> Resentencing before another judge is required when: (1) the original judge would have substantial difficulty in putting out of his mind the previously expressed view determined to be erroneous; (2) reassignment would preserve the appearance of justice; and (3) reassignment would not entail waste or duplication out of proportion to any gain in preserving the appearance of fairness.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division Research, Training and Appeals, and *Thomas M. Chambers,* Assistant Prosecuting Attorney, for the people.

*John B. Payne, Jr.,* for defendant.

Before: WAHLS, P.J., and R. M. MAHER and D. J. SHIPMAN,* JJ.

PER CURIAM. Under the name of Raleigh Ezell Lewis, defendant, Larry Garvin, pled guilty to one count of breaking and entering a building, MCL 750.110; MSA 28.305, before Recorder's Court Judge Donald Hobson on September 18, 1981. He escaped from custody on September 22, 1981, which was prior to his sentencing. Although incarcerated several times under various aliases following the escape, defendant was not sentenced for the breaking and entering conviction until December 20, 1985. The sentence was for from six years, eight months to ten years, to be served consecutively with the term defendant was serving at that time. Defendant was given 1,324 days credit for time served on the offenses he was convicted of after the plea. Defendant appeals as of right. We affirm and remand for resentencing.

Defendant was back in custody on December 13, 1981, charged with breaking and entering a business place. He was using a different name at the time of the offense. Defendant was convicted by a jury of entering without breaking and sentenced in Detroit Recorder's Court to a term of from three to five years. Defendant escaped again on March 4, 1983. He was apprehended on June 18, 1983, and

---

* Circuit judge, sitting on the Court of Appeals by assignment.

pled guilty to escape in Jackson Circuit Court. He was sentenced to a term of from nine months to five years. Defendant was paroled on November 4, 1984.

Defendant's freedom was short lived. On January 16, 1985, he was once again in custody. Under the name of Larry Garvin, he was charged with assault with intent to do great bodily harm and possession of a firearm in the commission of a felony. Defendant was found guilty as charged in Detroit Recorder's Court and sentenced to a term of from six years, eight months to ten years on December 6, 1985.

At this point, the state discovered that defendant was the same person who had escaped after the September, 1981, guilty plea. As a result, defendant was brought before Judge Hobson on December 20, 1985, and initially sentenced to a term of from four years to ten years. No reason for the sentence was stated, nor was it indicated whether the sentence was concurrent with or consecutive to the December 6, 1985, sentence. Then the following dialogue took place:

> *Court:* Very well. That is the judgment of this court.
> *Defendant:* Your Honor, can I speak?
> *Court:* Yes?
> *Defendant:* I thought my plea bargain was . . . .
> *Court:* Your plea bargain with whom? You have no plea bargain. That was back in 1981. That is all out the window, when you escaped.
> *Defendant:* When you called me over here week before last, you told me . . .
> *Court:* (Interposing) I told you it would have to be consecutive because you were in an escape status. You have 1981, and you escaped on something else. Those plea bargains are out the window a long time ago, young man.

Do you understand that?
*Defendant:* No. I don't.
*Court:* You do not understand?
*Defendant:* No.
*Court:* Well, you tell that to the appellate court when you appeal.
*Defendant:* I am going to try to.
*Court:* Make sure it is indicated consecutive.
Mr. Garvin, do you want to come back?
*Defendant:* Yes, I do.
*Court:* Make it six years, eight months to ten years, and make that consecutive to Judge O'Brien.
Now, you take that to the appellate court.
*Defendant:* I am going to do that, too.
*Court:* You have a constitutional right to.
That will close the record in this matter.

Defendant's first argument is that he should have been allowed to withdraw his guilty plea when the trial court refused to sentence him in accordance with a plea agreement which included a sentence recommendation.

In the present case, after the court announced defendant's sentence, defendant attempted to withdraw his plea stating that the sentence was longer than the plea agreement recommendation. The court stated that the agreement went "out the window" when defendant escaped and refused to allow defendant to withdraw his plea.

The leading case in this area is *People v Killebrew*, 416 Mich 189; 330 NW2d 834 (1982). In that case, the Supreme Court clearly stated that a defendant has the right "to withdraw his guilty plea if the judge rejects the proffered bargain or chooses not to follow the prosecutor's sentence recommendation." *Id.,* pp 194-195. Therefore, at first glance, it appears that defendant is entitled to withdraw his plea. However, the right to withdraw

a plea is not absolute. *People v Wilkens,* 139 Mich App 778,785; 362 NW2d 862 (1984). See also *People v Henderson,* 144 Mich App 801; 377 NW2d 319 (1985).

The present case lies outside the parameters of *Killebrew.* Here, defendant implicitly waived his right to withdraw the guilty plea when he escaped. The sentence recommendation contemplated that no intervening factors would occur between the plea and the sentencing. Thus, had defendant pled guilty and remained for sentencing and the court failed to follow the recommended sentence, we would have no problem remanding this case to allow defendant the opportunity to withdraw the plea. *Killebrew, supra.* However, this is not the case. Instead, we have an intervening event caused by defendant; he escaped prior to sentencing. Defendant implicitly waived his right to withdraw his plea by escaping and also provided a justification for a longer sentence than originally recommended. Thus, the court did not abuse its discretion in denying defendant's motion to withdraw his plea.

A case that supports this reasoning is *People v Acosta,* 143 Mich App 95; 371 NW2d 484 (1985), remanded 425 Mich 883; 392 NW2d 1 (1986). In that case, the defendant failed to appear to enter his guilty plea and was arrested eight months later. This Court declined to enforce the original plea agreement stating that the prosecution was not bound by the agreement until defendant entered and completed his plea. We noted:

> Under this agreement, the prosecution was not bound until defendant entered and completed his plea. Although strict contract analogy may not be applicable to a plea agreement, *People v Reagan,* 395 Mich 306, 318; 235 NW2d 581 (1975), defen-

dant did not live up to his part of the bargain when he absconded and failed to enter his plea. We decline to accept defendant's position that the bargain should be enforced irrespective of defendant's bad faith in failing to comply with the bargain by failing to appear. Although there was no explicit time limit or condition as to when or under what circumstances defendant could enter a plea, the requirement that defendant enter and complete his plea contemplated defendant's appearance to enter that plea. Defendant knew of the pending charges and the plea bargain, yet failed to appear on the date of the plea proceeding and was a fugitive for eight months. Under these circumstances, the court did not err in granting the prosecution's motion to void the plea agreement. [*Id.*, 99.]

The difference between *Acosta* and the present case is that here defendant's failure to "live up to his part of the bargain" did not void the guilty plea. Rather, it waived his right to withdraw the plea because the sentence recommendation was not followed. However, the reasoning in *Acosta* supports the proposition that a defendant must abide by the contemplated terms of a plea agreement in order to seek enforcement of the agreement. Accordingly, we find that defendant has waived his right to withdraw his guilty plea in view of the fact that he escaped and committed subsequent crimes prior to sentencing.

Defendant's second argument is that he has been deprived of his constitutional right of appeal and he should be allowed to withdraw his guilty plea because the transcript of the plea proceeding has been lost.

The most recent Michigan case involving a lost transcript similar to the present case is *People v Iacopelli,* 141 Mich App 566; 367 NW2d 837 (1985). In that case, the defendant failed to appear for

sentencing following a jury conviction. Approximately nine years later he was arrested in a foreign jurisdiction, extradited and sentenced. The transcripts of his lower court record were lost. Defendant contended that the loss of those records required a peremptory reversal. This Court noted that there is a presumption of regularity of court proceedings. The Court then stated:

> While we agree that a defendant has a constitutional right to appeal where, as here, *he has compromised his position by his own misconduct, that right must be balanced.* The state's responsibility for lost transcripts should diminish as the defendant-caused delay lengthens. When the delay is as extreme as it is here, and only the right to appeal is alleged . . . , we cannot reward defendant for being a fugitive for nine years. [*Id.,* p 569.]

*Iacopelli* is applicable to the instant case. Defendant had been before the courts and had been incarcerated during a good portion of the time between his plea and sentencing. Thus, he had ample time and opportunity to secure production of the guilty plea transcripts. However, he made no attempt to do so until four years had elapsed. The state cannot be held primarily at fault, as defendant's use of multiple aliases impeded its ability to identify defendant. Finally, defendant makes no specific allegation of error with respect to the guilty plea proceeding other than that there was a sentence recommendation as part of the agreement. It is admitted that the recommendation existed; however, as stated above, the lower court is not required to follow it. Therefore, defendant does not have a right to withdraw his guilty plea simply because the record of the guilty plea proceeding has been lost.

Defendant's next argument is that his sentence

should be vacated because he was denied his right to a speedy trial.

Sentencing is included within the speedy trial guarantee. *People v McIntosh,* 103 Mich App 11, 20; 302 NW2d 321 (1981).

In determining whether a defendant's right to a speedy trial is violated a four-part balancing test is utilized. The four factors considered are: (1) length of delay; (2) reason for the delay; (3) defendant's assertion of his right; and (4) prejudice to the defendant. *People v Chism,* 390 Mich 104, 111; 211 NW2d 193 (1973); *Barker v Wingo,* 407 US 514, 530; 92 S Ct 2182; 33 L Ed 2d 101 (1972).

The length of the delay was over four years. Absent an explanation, this is excessive. However, a lapse of time in and of itself does not cause a court to lose jurisdiction to sentence a defendant.

The reason for the delay provides some justification. Following defendant's September 18, 1981, plea, he escaped. Defendant was incarcerated on other offenses several times between the escape and the December 20, 1985, sentencing. However, he was using at least ten different aliases. Therefore, correct identification was difficult. Additionally, he escaped from custody again during this time period. The delay was due to defendant's actions and he cannot use it now to his advantage.

Furthermore, defendant did nothing to demand a more prompt sentencing. In fact, if anything, he hindered the process by escaping and using several aliases.

Finally, the delay caused no prejudice to defendant. Defendant was given credit for all the time he served between the 1981 plea and the 1985 sentence, on the subsequent offenses he was convicted of, even though he was not entitled to such

credit. *People v Prieskorn,* 424 Mich 327, 340; 381 NW2d 646 (1985).

Balancing these four factors, we find that, while the delay in sentencing was exceedingly long, it was almost entirely due to defendant's actions and he was not prejudiced thereby.

As to defendant's other arguments concerning resentencing, the prosecution concedes that resentencing is mandated for failure to articulate the reasons for the sentence, *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983), and due to the increase in the sentence following defendant's objection, *People v Day,* 127 Mich App 426; 339 NW2d 204 (1983).

The only question we are left with then is whether the resentencing should be before a different judge. Resentencing before another judge is required when: (1) the original judge would have substantial difficulty in putting out of his or her mind the previously expressed view determined to be erroneous; (2) reassignment would preserve the appearance of justice; and (3) reassignment would not entail waste or duplication out of proportion to any gain in preserving the appearance of fairness. *People v Evans,* 156 Mich App 68, 72; 401 NW2d 312 (1986).

Viewing the present case in light of these considerations, we conclude that resentencing should be before a different judge. It would be unreasonable to expect the original judge to be able to put out of his mind his previously expressed views. Furthermore, the advancement of the interests of preserving the appearance of justice and fairness outweigh considerations of waste and duplication. For these reasons, the matter is remanded to another judge for resentencing.

Affirmed and remanded for resentencing.