# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 3, 2008

136380

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellant,

v

RUSSELL LEE WILLIS,
      Defendant-Appellee.

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 136380
COA: 283801
Calhoun CC: 06-003642-FH;
             06-003993-FH

_____/

On order of the Court, the application for leave to appeal the May 1, 2008 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

CORRIGAN, J., (*dissenting*).

I would remand this case to the Court of Appeals for consideration as on leave granted for a more thorough analysis. The panel disposed of the case in an order that affords no guidance to trial courts concerning the panel's reasoning. The order, providing no reasoning whatsoever, merely remands the case to the trial court "to afford defendant an opportunity to withdraw his plea or for the trial court to impose a two-year minimum sentence in accordance with *People v Cobbs,* 443 Mich 276; 505 NW2d 208 (1993)." Unpublished amended order of the Court of Appeals, entered May 1, 2008 (Docket No. 283801).

The defendant pleaded no contest to the charges against him and received a sentence evaluation from the trial judge as provided in *Cobbs*. The defendant failed to appear for the subsequent sentencing hearing, however, and was later arrested pursuant to a bench warrant. Upon finally sentencing him, the court declined to give him the benefit of the *Cobbs* evaluation and imposed a higher minimum sentence within the minimum guidelines range prescribed by statute. The court denied the defendant's request to withdraw his plea, concluding that withdrawal was not warranted in light of the defendant's misconduct. In rendering its decision, the trial court specifically relied on

*People v Garvin,* 159 Mich App 38 (1987). The Court of Appeals reversed, presumably citing *Cobbs* for the general proposition that a defendant who pleads guilty or no contest in reliance on a sentence evaluation has an "absolute right" to withdraw the plea if the judge later concludes that the sentence should exceed the preliminary evaluation. See *Cobbs, supra* at 283.

But the trial court here reasonably posited that a defendant forfeits his right to withdraw if he absconds from sentencing. The panel did not discuss the precedent cited by the trial judge and the prosecutor, in which appellate courts declined to permit plea withdrawal under similar factual circumstances. See *People v Kean,* 204 Mich App 533, 536 (1994) (By walking away from a treatment program specified in the plea deal and then absconding, the "defendant had violated the plea agreement and, consequently, . . . he was not entitled to the benefit of the bargain."); *Garvin, supra* at 43 (the defendant "implicitly waived" the right to withdraw his plea by escaping from custody and failing to appear for sentencing); *People v Acosta,* 143 Mich App 95, 99 (1985) (A defendant may not benefit from a plea bargain "irrespective of [his] bad faith in failing to comply with the bargain by failing to appear."). Although these cases did not involve *Cobbs* pleas, the prosecutor reasonably argues that their rationale extends to cases involving *Cobbs* pleas.

Further, allowing withdrawal under these circumstances permits a defendant to manipulate the proceedings and benefit from his misconduct. Indeed, it may encourage misconduct. A defendant who becomes dissatisfied with a *Cobbs* evaluation may abscond in order to induce the judge to impose a higher sentence and then take advantage of the right to withdraw. Moreover, under the Court of Appeals ruling in this case, a defendant may apparently abscond from custody for as long as he wishes but then still benefit from the plea deal. This Court explicitly prohibits a defendant from "assert[ing] 'rights' that came into existence because of his own misconduct." *People v Washington,* 461 Mich 294, 299-300 (1999) (A defendant could not claim violation of his Double Jeopardy rights because "[i]f he had not breached his agreement to return to court for sentencing, there would have been no possibility of a violation . . . ").



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 3, 2008

*Corbin R. Davis*
Clerk

p0930