# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CLIFFORD ANTHONY MCCORMACK,

        Defendant-Appellant.

UNPUBLISHED
October 29, 2015

No. 322138
Kalamazoo Circuit Court
LC Nos. 2013-000542-FH;
        2013-001094-FH

Before: TALBOT, C.J., and BECKERING and GADOLA, JJ.

PER CURIAM.

Defendant, Clifford Anthony McCormack, appeals by delayed leave granted[1] his plea-based convictions for one count of operating or maintaining a controlled substance laboratory involving methamphetamine, MCL 333.7401c(2)(f), in LC No. 2013-000542-FH; and one count of resisting or obstructing a police officer, MCL 750.18d(1), in LC No. 2013-001094-FH. We remand this matter to the trial court to allow defendant an opportunity to withdraw his pleas to those charges.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Defendant was originally charged as a fourth-offense habitual offender, MCL 769.12, with one count of operating or maintaining a controlled substance laboratory, four counts of resisting or obstructing a police officer, and one count of attempting to resist or obstruct a police officer. At a plea hearing on September 20, 2013, the parties reached a plea agreement that would allow defendant to plead guilty to Count I in each file—one count of operating or maintaining a meth lab and one count of resisting or obstructing a police officer—in exchange for dismissal of the remaining counts and the habitual offender enhancement. In addition to the plea agreement, the trial court provided a preliminary evaluation of defendant's sentence pursuant to *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993), and agreed to impose a 3-year term of probation in lieu of prison. As part of the agreement, defendant was to remain in jail until his sentencing. As such, after accepting defendant's pleas, the trial court "cancelled and

---

[1] See *People v McCormack*, unpublished order of the Court of Appeals, entered July 16, 2014 (Docket No. 322138).

denied" bond. Before the conclusion of the hearing, the trial court also indicated that "a lot of this depends on how you behave when you're with the officers from here on out." The plea agreement and *Cobbs* agreement were subsequently memorialized in an "arraignment report and scheduling order" which indicated that defendant's pleas were "conditioned on violating no criminal laws, complying with bond terms, and appearing at all scheduled events, including [a] pre-sentence interview."

Defendant appeared for sentencing on October 14, 2013. However, at the hearing, the prosecutor informed the trial court that defendant had engaged in several instances of misconduct in jail since entering his plea and that, as a result, he had "violate[d]" both the plea agreement and *Cobbs* agreement. The prosecutor thus recommended that the trial court deviate from the *Cobbs* agreement and sentence defendant within the guidelines. The trial court recognized that there "wasn't a bond" in this case "so there are no conditions of bond" that defendant could have violated. It then set a hearing to determine whether defendant's conduct otherwise amounted to a violation of the *Cobbs* agreement. For reasons not pertinent to this appeal, the trial judge recused himself following the hearing.

After briefing by the parties, an additional hearing was held on December 2, 2013, during which the trial court concluded that it would not abide by the *Cobbs* agreement. Further, because of defendant's misconduct—which the trial court insinuated violated the conditions of defendant's bond—defendant was not allowed an opportunity to withdraw his pleas. The trial court subsequently denied defendant's motion for reconsideration and sentenced defendant to concurrent terms of 88 to 240 months' imprisonment for the methamphetamine conviction and 16 to 24 months' imprisonment for the resisting or obstructing conviction. As noted above, we granted defendant's application for leave to appeal.

## II. ANALYSIS

Whether a trial court is legally required to adhere to a *Cobbs* agreement is a matter of law. Questions of law are reviewed de novo. *People v Alexander*, 234 Mich App 665, 675; 599 NW2d 749 (1999).

Pursuant to *Cobbs*, 443 Mich at 283, a trial court may evaluate a case and state on the record the length of sentence that, on the basis of the information then available to it, appears to be appropriate. The trial court is not bound by any preliminary sentence evaluation, but "a defendant who pleads guilty or nolo contendere in reliance upon a judge's preliminary evaluation with regard to an appropriate sentence has an absolute right to withdraw the plea if the judge later determines that the sentence must exceed the preliminary evaluation." *Id*. See also MCR 6.310(B)(2)(b).

At the outset, the parties do not appear to dispute that the trial court had the discretion to deviate from its initial evaluation in light of defendant's misconduct. *Cobbs*, 443 Mich at 283. Defendant asserts, however, that once the trial court made that decision, it was required to allow him an opportunity to withdraw his pleas. The prosecutor responds that defendant waived his right to withdraw his pleas by committing misconduct in the jail between the time of his pleas and the time of sentencing. While we agree with the general proposition that a defendant may, through his actions, waive his right to withdraw a plea entered pursuant to a *Cobbs* agreement,

see *People v White*, 307 Mich App 425, 434; 862 NW2d 1 (2014), we conclude that the facts of this case do not support a finding that defendant in fact waived that right.[2]

A review of the caselaw reveals that a court should find waiver when the defendant violates a condition of the plea agreement or sentencing agreement. *White*, 307 Mich App at 433-435. See also *People v Kean*, 204 Mich App 533, 535-536; 516 NW2d 128 (1994); *People v Garvin*, 159 Mich App 38, 42-43; 406 NW2d 469 (1987). Here, defendant's misconduct violated no such condition. A review of the record from the September 20, 2013 plea hearing reveals that the entirety of defendant's agreements was simply that the prosecution would drop the remaining charges and the habitual offender enhancement in exchange for the guilty pleas, and that the trial court would sentence defendant to a term of probation in lieu of prison, without any condition whatsoever. This is further reflected in the fact that the advice of rights forms signed by defendant contained no condition whatsoever to his pleas. Further, to the extent the trial court relied upon the "arraignment and scheduling order" when suggesting that defendant was "on bond" and violated the terms of his bond, that finding was clearly erroneous in light of the fact that defendant remained in jail throughout the entirety of the proceedings and therefore had no conditions of bond with which to comply. In any event, defendant did not sign the "arraignment and scheduling order," nor is there any indication in the record that defendant was otherwise apprised of the conditions contained therein *before* he entered into the guilty pleas. Finally, to the extent the trial court admonished defendant, at the conclusion of the plea hearing, to behave while in jail, that admonishment was made *after* defendant entered his pleas and was certainly not a condition of his plea agreement or sentencing agreement.

The prosecutor does not seriously dispute the above conclusions, but instead, relying on *Garvin*, 159 Mich App at 43, urges us to find that defendant's misconduct violated a "contemplated"—i.e., implicit—term of the plea and sentencing agreements. We decline to accept the prosecutor's invitation. In *Garvin*, this Court held that the defendant waived his right to withdraw his guilty plea because the plea agreement in that case "contemplated that no intervening factors would occur between the plea and sentencing," and defendant's escape was such an intervening factor. *Id.* However, there is nothing in this Court's opinion in *Garvin* to suggest that the panel's use of the term "contemplated" should be construed to be synonymous with the term "implicit," such that a defendant can be found to have breached terms of a plea agreement that were never expressly made known to the defendant. Nor do we believe that a review of the caselaw in this matter would support such a position. See, e.g., *White*, 307 Mich

---

[2] We note that MCR 6.310(B)(3) provides, in pertinent part, that "[e]xcept as allowed by the trial court for good cause, a defendant is not entitled to withdraw a plea [entered pursuant to a *Cobbs* agreement] if the defendant commits misconduct after the plea is accepted but before sentencing." However, we decline to evaluate this issue under MCR 6.310(B)(3) because the rule did not become effective until January 1, 2014, which is after defendant had already been sentenced, and because there is no indication that the rule is to be applied retroactively. See *People v Belt*, 497 Mich 928; 856 NW2d 695 (2014).

App at 435.[3]  Accordingly, we hold that because defendant's misconduct in jail did not violate a specific condition of the plea agreement or *Cobbs* evaluation, that misconduct did not constitute a waiver of the right to withdraw his guilty pleas.  Therefore, defendant retained his "absolute right" to withdraw his pleas once the trial court determined that it would not abide by the sentencing evaluation.  *Cobbs*, 443 Mich at 283.  Remand is therefore warranted so that the trial court can allow defendant the opportunity to either withdraw his pleas or allow them to stand.[4]  See *People v Chappell*, 223 Mich App 337, 342-343; 566 NW2d 42 (1997).

In light of the above conclusion, we need not address the additional arguments raised by defendant in his brief on appeal.

Remanded for proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Michael J. Talbot
/s/ Jane M. Beckering
/s/ Michael F. Gadola

---

[3] Again, we note that we are not considering MCR 6.310(B)(3), given that all of the pertinent events in this case occurred before the effective date of that Court Rule, and we make no comment on whether it would change the result in this case.

[4] We note that the prosecution originally charged defendant as a fourth-offense habitual offender under MCL 769.12.  As part of the plea agreement, the prosecution agreed to drop the habitual offender enhancement.  In the event defendant elects to proceed with trial, we note that nothing would prohibit the prosecution from charging him as a fourth habitual offender, thereby subjecting him to the possibility of an enhanced maximum sentence of life imprisonment.  See MCL 333.7401c(2)(f) (establishing a 20-year maximum for a first conviction of the controlled substance offense at issue); MCL 769.12(1)(b) (permitting a sentence of life imprisonment or a lesser term if the subsequent felony is punishable by a first conviction of "imprisonment for a maximum term of 5 years or more or for life . . . ."