# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 23, 2018

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
Justices

156267

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

CHRISTOPHER AMANDO MITCHELL,
      Defendant-Appellant.

SC: 156267
COA: 332266
Jackson CC: 15-004712-FH

_____/

On order of the Court, the application for leave to appeal the June 15, 2017 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court

MCCORMACK, J. (*dissenting*).

I respectfully dissent from the denial of leave. I would have remanded for resentencing before a different judge.

The first principle of our justice system is that judges are impartial and independent. *In re Bennett*, 403 Mich 178, 199 (1978) ("[A] judge, whether on or off the bench, is bound to strive toward creating and preserving the image of the justice system as an independent, impartial source of reasoned actions and decisions."); *In re Haley*, 476 Mich 180, 196 (2006) (stating that the court is "an institution that the people of this state must be able to hold in the highest regard"). When a judge expresses his personal wish that the defendant had suffered a violent death instead of being arrested and convicted, the public's confidence in the rule of law is undermined. *In re Hocking*, 451 Mich 1, 13 (1996) ("A judge's mode of articulating a basis for decision may exhibit such a degree of antagonism or other offensive conduct that a single incident would indicate that impartial judgment is not reasonably possible."); *In re Simpson*, 500 Mich 533, 543 n 6 (2017) ("Public confidence in the judiciary is eroded by irresponsible or improper conduct by judges."), quoting Michigan Code of Judicial Conduct Canon 2(A). This is not to say that there is no role for emotion (including anger, and even vengeance) at a sentencing

hearing. But that is for the people personally affected by the defendant's crime and their representatives (such as the prosecutor) to express, not the person in the courtroom charged with ensuring the proceeding's evenhandedness.

I would remand the defendant's case for a sentencing hearing before a different judge, because "the importance of preserving the appearance of justice and fairness outweigh[s] considerations of waste and duplication." *People v Garvin*, 159 Mich App 38, 47 (1987). See also *In re Disqualification of Winkler*, 135 Ohio St 3d 1271, 1276 (2013); *United States v Navarro-Flores*, 628 F2d 1178, 1185 (CA 9, 1980).

Especially in these times, when our norms of public discourse appear under stress, judges, perhaps of all officials, should discharge their duties of office without rhetoric that would validly call into question judicial impartiality. I dissent from the court's denial because there is a ready remedy for the trial court's transgression—resentencing before a different judge. The stakes here are too great and the corrective step too easy.

BERNSTEIN, J., joins the statement of MCCORMACK, J.





I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 23, 2018

Clerk

a0523