McCormack, J. (dissenting).
 

 I respectfully dissent from the denial of leave. I would have remanded for resentencing before a different judge.
 

 The first principle of our justice system is that judges are impartial and independent.
 
 In re Bennett
 
 ,
 
 403 Mich. 178
 
 , 199,
 
 267 N.W.2d 914
 
 (1978) ("[A] judge, whether on or off the bench, is bound to strive toward creating and preserving the image of the justice system as an independent, impartial source of reasoned actions and decisions.");
 
 In re Haley
 
 ,
 
 476 Mich. 180
 
 , 196,
 
 720 N.W.2d 246
 
 (2006) (stating that the court is "an institution that the people
 of this state must be able to hold in the highest regard"). When a judge expresses his personal wish that the defendant had suffered a violent death instead of being arrested and convicted, the public's confidence in the rule of law is undermined.
 
 In re Hocking
 
 ,
 
 451 Mich. 1
 
 , 13,
 
 546 N.W.2d 234
 
 (1996) ("A judge's mode of articulating a basis for decision may exhibit such a degree of antagonism or other offensive conduct that a single incident would indicate that impartial judgment is not reasonably possible.");
 
 In re Simpson
 
 ,
 
 500 Mich. 533
 
 , 543 n. 6,
 
 902 N.W.2d 383
 
 (2017) ("Public confidence in the judiciary is eroded by irresponsible or improper conduct by judges."), quoting Michigan Code of Judicial Conduct Canon 2(A). This is not to say that there is no role for emotion (including anger, and even vengeance) at a sentencing hearing. But that is for the people personally affected by the defendant's crime and their representatives (such as the prosecutor) to express, not the person in the courtroom charged with ensuring the proceeding's evenhandedness.
 

 I would remand the defendant's case for a sentencing hearing before a different judge, because "the importance of preserving the appearance of justice and fairness outweigh[s] considerations of waste and duplication."
 
 People v. Garvin
 
 ,
 
 159 Mich. App. 38
 
 , 47,
 
 406 N.W.2d 469
 
 (1987). See also
 
 In re Disqualification of Winkler
 
 ,
 
 135 Ohio St. 3d 1271
 
 , 1276,
 
 986 N.E.2d 996
 
 (2013) ;
 
 United States v. Navarro-Flores
 
 ,
 
 628 F.2d 1178
 
 , 1185 (C.A. 9, 1980).
 

 Especially in these times, when our norms of public discourse appear under stress, judges, perhaps of all officials, should discharge their duties of office without rhetoric that would validly call into question judicial impartiality. I dissent from the court's denial because there is a ready remedy for the trial court's transgression-resentencing before a different judge. The stakes here are too great and the corrective step too easy.
 

 Bernstein, J., joins the statement of McCormack, J.