PEOPLE v KESL

Docket No. 95540. Submitted January 20, 1988, at Lansing. Decided
    April 5, 1988.
    Yogi Jay Kesl, an inmate in the custody of the Department of
    Corrections and assigned to a hotel room under a community
    residential program, was convicted of receiving and concealing
    stolen property with a value of over $100 and of being an
    habitual offender, third offense, Gratiot Circuit Court, Randy L.
    Tahvonen, J. Defendant appealed, claiming that a search of his
    hotel room conducted by the designated warden without a
    warrant violated his Fourth Amendment rights and that the
    trial court therefore erred in refusing to suppress evidence
    obtained in the search.
        The Court of Appeals *held:*
        1. A prisoner has no legitimate expectation of privacy in his
    prison cell and the Fourth Amendment's prohibition of unrea-
    sonable searches therefore does not apply in a prison cell. The
    term "prison" is defined by statute to include community
    residential centers such as the facility to which defendant was
    assigned.
        2. Defendant failed to preserve for appellate review his claim
    of ineffective assistance of counsel by failing to timely object or
    to make a testimonial record in the trial court in connection
    with a motion for a new trial or evidentiary hearing.
        Affirmed.

Prisons and Prisoners — Community Residential Centers —
    Searches and Seizures.
    A prison inmate who is assigned by the Department of Correc-
    tions to a hotel room under a community residential center
    program does not have an expectation of privacy in the room
    which would entitle him to the protections of the Fourth
    Amendment against unreasonable searches and seizures (US
    Const, Am IV; MCL 750.193[2]; MSA 28.390[2]).

References

Am Jur 2d, Penal and Correctional Institutions § 98.
Limitation of actions: invasion of right of privacy. 33 ALR4th 479.
Waiver or loss of right of privacy. 57 ALR3d 16.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Mark A. Gates,* Prosecuting Attorney, and *Thomas C. Johnson,* Assistant Attorney General, for the people.

State Appellate Defender (by *Kim Robert Fawcett*), for defendant on appeal.

Before: GRIBBS, P.J., and J. B. SULLIVAN and W. J. GIOVAN,* JJ.

PER CURIAM. Defendant was convicted of receiving and concealing stolen property with a value of over $100. MCL 750.535; MSA 28.803. Subsequently, defendant was found guilty of being an habitual offender, third offense, MCL 769.11; MSA 28.1083. He was sentenced to a term of six years and eight months to ten years to be served consecutively to his current sentence for breaking and entering and concurrent with his sentence for prison escape. Defendant appeals as of right. We affirm.

The facts underlying this dispute, as stipulated at a motion hearing, are relatively simple. Defendant was an inmate with the Department of Corrections (DOC) and assigned to a community residential center program (CRC). He occupied Room 14 at the Ithaca Motor Inn which was rented by the DOC and designated as a residential placement cell or facility. James Collins, an employee of the DOC, was a parole officer for the county and the designated warden of the residential facility. Upon information amounting to less then probable cause, Collins decided to conduct a "shakedown" search of defendant's room. Without a warrant or defendant's knowledge, Collins obtained a pass key from the motel manager and entered defendant's

---

* Circuit judge, sitting on the Court of Appeals by assignment.

room where he found and confiscated items which he believed were stolen. Later that day, Collins returned with Gratiot County Sheriff's Deputy Michael Vetter and again inventoried defendant's room where they found and confiscated another item.

Defendant unsuccessfully moved to suppress the evidence, arguing that he had a reasonable expectation of privacy in his room which, in turn, necessitated that any search be conducted only pursuant to Fourth Amendment protections. The prosecution contended that a prisoner had no reasonable expectation of privacy in his prison cell and, hence, the Fourth Amendment's protections against unreasonable searches and seizures are inapplicable.

The trial court concluded that defendant did not have a reasonable expectation of privacy and, therefore, there was no search within the meaning of the Fourth Amendment.

We are asked to decide whether a prison inmate assigned to a community residential program has a reasonable expectation of privacy in a room designated as a residential cell or facility thereby entitling him to Fourth Amendment protection. We hold that he does not.

In *Hudson v Palmer,* 468 US 517; 104 S Ct 3194; 82 L Ed 2d 393 (1984), the Supreme Court, after balancing the interests of society with those of a prisoner, concluded that prisoners have no legitimate expectations of privacy and therefore the Fourth Amendment's prohibition of unreasonable searches does not apply in prison cells. *Id.* at 526. The Court reasoned that society is not prepared to recognize as legitimate any subjective expectations of privacy that a prisoner might have in his prison cell and, further, that a recognition of such a right simply cannot be reconciled with the concept of

incarceration and the needs and objectives of penal institutions. *Id.*

We find that this reasoning is equally applicable to the situation where a defendant, as here, resides in a community residential center. In Michigan, a CRC is, in fact, a prison. MCL 750.193(2); MSA 28.390(2). Prisons by their very definition are places of involuntary confinement and prisoners by virtue of assignment to a CRC are not automatically purged of their "proclivity for antisocial, criminal, and often violent, conduct." *Id.* at 526. Inmates have necessarily demonstrated an inability to control and conform their behavior to the legitimate standards of society and have demonstrated their inability to conform their conduct with either a respect for the law or an appreciation of the rights of others. *Id.* "Loss of freedom of choice and privacy are inherent incidents of confinement." *Id.* at 528, quoting *Bell v Wolfish,* 441 US 520, 537; 99 S Ct 1861; 60 L Ed 2d 447 (1979).

Prison administrators, in this case the CRC supervisor, are charged with the task of taking all necessary steps to ensure the safety of others within the prison community as well as the community which houses the inmates. *Id.* at 526. CRC supervisors can be no less diligent, nor more constrained, than their institutional counterparts in preventing the flow of illicit weapons, drugs and other contraband into the community.

We believe, and so hold, that a prisoner does not enjoy a reasonable expectation of privacy in his residential community cell. Consequently, the court did not err in denying defendant's motion to suppress the evidence seized.

With respect to defendant's claim of ineffective assistance of counsel, we find that, by failing to timely object, he has not preserved this issue for our review. MRE 103(a)(1). *People v Standifer,* 425

Mich 543, 557; 390 NW2d 632 (1986). Moreover, we find no manifest injustice to defendant. *People v Kelly,* 423 Mich 261, 281; 378 NW2d 365 (1985). When asserting an ineffective assistance of counsel claim it is incumbent on a defendant to make a testimonial record in the trial court in connection with a motion for a new trial or evidentiary hearing in order to produce support for his claim. *People v Ginther,* 390 Mich 436, 443; 212 NW2d 922 (1973). Since defendant has failed to do either, we are unable to review his claims.

Affirmed.