PEOPLE v KEAN

Docket No. 127486. Submitted December 9, 1993, at Grand Rapids. Decided April 18, 1994, at 9:10 A.M. Leave to appeal sought.

Jon P. Kean pleaded guilty in the Kalamazoo Circuit Court, Donald E. Goodwillie, J., of armed robbery pursuant to a plea agreement that recommended a sentence of five to twenty years in prison and provided that the defendant would enter a residential abuse treatment program or would report to the sheriff's department for the period between the plea and sentencing hearings. The defendant entered a treatment program, but left after one week, did not present himself at the sheriff's department, did not appear at his presentence interview and scheduled sentencing hearing, and remained at large until arrested more than 2½ years later. The court found that the defendant's actions constituted a violation of the plea agreement, held that the defendant was not entitled to the benefit of the bargain, refused to permit the defendant to withdraw his guilty plea, and sentenced the defendant to a prison term of eight to twenty years. The defendant appealed.

The Court of Appeals held:

1. The trial court properly found that the intent of the plea agreement was that the defendant would remain in any treatment program that he entered for the entire period between the plea hearing and the sentencing hearing and that his leaving the treatment program and absenting himself from the scheduled proceedings constituted a violation of the plea agreement. The court also properly held that the violation of the plea agreement precluded the defendant from insisting on performance of the provisions of the agreement and relieved the court of the obligation of permitting the defendant to withdraw his plea after the court determined to impose a more severe sentence than that which had been recommended.

2. The defendant's claim that the plea was not voluntary

REFERENCES

Am Jur 2d, Criminal Law §§ 469, 481, 483, 484, 486, 501, 502, 504.

Comment Note.—Right to withdraw guilty plea in state criminal proceeding where court refuses to grant concession contemplated by plea bargain. 66 ALR3d 902.

because the attorney retained for him allegedly demanded a fee of $50,000 if the matter went to trial was not preserved for appeal because the defendant indicated at the plea hearing that his plea was given knowingly, understandingly, and voluntarily and that he was aware of his right to court-appointed counsel.

3. The defendant's minimum sentence, although more than that recommended by the sentencing guidelines, was not disproportionate to the crime or to the individual in light of the defendant's blatant disregard of the plea agreement and bond conditions and his disrespect for the criminal justice system.

4. The $1 million bond set following the recapture of the defendant was not excessive under the circumstances, and neither the bond nor the fact that the judge cautioned the defendant's family concerning the possible consequences of their testimony at the sentencing hearing evidences bias on the part of the trial judge such as would require disqualification from imposing sentencing.

Affirmed.

CONNOR, J., dissenting, stated that the defendant's entry into the treatment program constituted full compliance with the plea agreement in light of the fact that he made no specific agreement to remain in the program and, accordingly, the trial court should have given the defendant the opportunity to withdraw his plea when it determined to impose a more severe sentence than that recommended in the plea agreement. Further, the majority relies upon wrongly decided authority for the proposition that where a defendant has breached a plea agreement the trial court may refuse to honor a sentence recommendation embodied in the plea agreement without allowing the defendant the opportunity to withdraw the plea.

CRIMINAL LAW — GUILTY PLEAS — WITHDRAWAL OF PLEAS — PLEA BARGAINS.

The right of a defendant to withdraw a plea of guilty if the court determines not to follow a sentence recommendation embodied in a plea agreement is not absolute and may be waived where the defendant breaches the plea agreement by failing to comply with agreed-upon conditions during the period between the plea hearing and the sentencing hearing and by failing to appear for a scheduled sentencing hearing; under such circumstances, a court may impose a more severe sentence than that recommended in the plea agreement without allowing the defendant the opportunity to withdraw the guilty plea.

*Frank J. Kelley,* Attorney General, *Thomas L.*

*Casey,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Anne M. McCarthy,* Assistant Prosecuting Attorney, for the people.

*Milton J. Marovich,* and Jon P. Kean, in propria persona, for the defendant.

Before: MICHAEL J. KELLY, P.J., and CONNOR and A. A. MONTON,* JJ.

MICHAEL J. KELLY, P.J. Defendant pleaded guilty of armed robbery, MCL 750.529; MSA 28.797, and was sentenced to eight to twenty years' imprisonment. The trial court denied his motion to withdraw his plea. Defendant now appeals as of right. We affirm.

Defendant's plea agreement recommended a sentence of five to twenty years. As part of the agreement, defendant promised that "within twenty-four hours from the date of the taking of this plea the Defendant will be in a twenty-four hour in-house drug alcohol residential treatment center or he will report to the Kalamazoo County Sheriff's Department." The agreement specified that the treatment program would be a "twenty-four hour, seven-day-a-week program wherein the defendant will not be released from the care and custody of those individuals prior to sentencing."

Defendant did plead guilty, and he did enter a qualifying program within twenty-four hours of his plea. However, a week later he walked away from the program. He did not turn himself in to the sheriff, he did not appear for his presentence investigation interview, and he did not appear at his sentencing. He was finally arrested more than 2½ years later.

The trial court found that by walking away from

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the treatment program and by not turning himself in, defendant had violated the plea agreement and, consequently, that he was not entitled to the benefit of the bargain. We agree. Although defendant fulfilled the requirement that he enter a qualifying treatment program, the obvious intent of the parties was that he also remain in the program. In fact, the only qualifying programs were those in which defendant would not be released before sentencing.

In *People v Killebrew,* 416 Mich 189, 209-210; 330 NW2d 834 (1982), our Supreme Court held that when a trial court decides not to follow a sentence recommendation that is part of a plea agreement, it must give the defendant an opportunity to withdraw his plea before imposing the sentence. However, the right to withdraw a plea is not absolute. *People v Wilkens,* 139 Mich App 778, 785; 362 NW2d 862 (1984). In *People v Garvin,* 159 Mich App 38; 406 NW2d 469 (1987), this Court held that a defendant implicitly waives his right to withdraw a guilty plea when he escapes from custody. There, as here, the "sentencing recommendation contemplated that no intervening factors would occur between the plea and the sentencing." *Id.* at 43. We believe that this case is sufficiently similar to *Garvin* to uphold the trial court's denial of defendant's motion to withdraw his plea.

We decline to decide whether defendant should be allowed to withdraw his plea because the lawyer retained for him allegedly demanded $50,000 to go to trial. Defendant has waived this issue by failing to address it in his appellate brief, *People v Kent,* 194 Mich App 206, 210; 486 NW2d 110 (1992), and by failing to raise such allegations at the time he offered his guilty plea and stated that he was doing so knowingly, voluntarily, and under-

standingly, see *People v Kesl,* 167 Mich App 698, 701; 423 NW2d 365 (1988). Furthermore, a failure to address this issue will not result in manifest injustice because defendant was aware of his right to court-appointed counsel.

Defendant next argues that his sentence violates the principle of proportionality set forth in *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). We find nothing disproportionate in the sentence. Although the minimum term of years imposed exceeds the guidelines' recommendation of eighteen to sixty months, the guidelines do not take into account defendant's blatant disregard of the plea agreement and the conditions of bond and his disrespect for the criminal justice system. We also note that defendant already agreed to a minimum sentence of sixty months in the plea agreement, which reflects the maximum recommended in the sentencing guidelines. Three additional years for defendant's 2½ year evasion of criminal proceedings were not inappropriate.

We also reject defendant's argument that the trial judge should have been disqualified from presiding over the plea and sentencing proceedings on grounds of bias. Defendant contends that the trial court set excessive bond and threatened to prosecute his parents and former employer, who spoke on behalf of defendant at the sentencing. We find no evidence of bias. The $1 million bond set following defendant's escape and recapture was not inappropriate under the standards set forth in MCR 6.106(F). Although the trial judge may have been strict in applying MCR 6.106(F), a judge's view of the law, even if strongly held, is not grounds for disqualification. *In the Matter of Hirsch,* 116 Mich App 233, 242; 323 NW2d 349 (1982), modified on other grounds 413 Mich 943 (1982). Furthermore, the trial court's comments to

defendant's family and employer were merely legitimate and helpful warnings about their Fifth Amendment rights in the face of a criminal investigation of their alleged role in harboring defendant during his 2½ year evasion of criminal proceedings.

Affirmed.

A. A. MONTON, J., concurred.

CONNOR, J. *(dissenting).* I dissent. I do not think defendant violated the plea agreement. Moreover, even if he did, I believe the trial court still had a duty to give him an opportunity to withdraw his plea after the trial court determined that it could not abide by the agreement's terms.

Despite the fact that defendant complied with all the literal terms of the agreement, the majority has surmised that defendant violated the "obvious intent" of the agreement. I do not think prosecutors are in such weak bargaining positions or so unskilled in legal matters that they need the assistance of courts to read into their contracts terms that are not there. While I would agree that the prosecution would have preferred to bind defendant to a promise that he not do anything bad between the time of the agreement and his sentencing, the fact remains that the prosecutor extracted no such promise from defendant as part of the plea agreement. The prosecutor required defendant to make certain promises, and defendant kept each promise he made.

Moreover, I cannot agree with the Court's analysis of *People v Killebrew,* 416 Mich 189; 330 NW2d 834 (1982). In *Killebrew,* our Supreme Court held that when a trial court decides to exceed a sentence recommendation that is part of a plea agreement, the trial court must give the defendant an

opportunity to withdraw his plea before imposing the sentence. *Supra* at 209-210. This procedure serves two functions: it preserves the sentencing discretion the Legislature has allocated to the judiciary, *id.* at 199, and it ensures that the waiver of constitutional rights that goes along with a guilty plea is voluntary, *id.* at 207.

The trial court went beyond the prosecutor's bargained-for recommendation in sentencing defendant without giving him the opportunity to withdraw his plea. It did so on the basis of *People v Garvin,* 159 Mich App 38; 406 NW2d 469 (1987). In that case, this Court held that a prisoner who had pleaded guilty pursuant to a plea bargain but escaped while awaiting sentence implicitly waived his right to withdraw his plea.

I believe *Garvin* was wrongly decided. The right to withdraw a plea under *Killebrew* does not arise until the trial court informs the defendant that it is not going to abide by the sentence recommendation. It is a legal fiction to say that a defendant who is vigorously attempting to exercise his rights under *Killebrew* somehow implicitly waived those rights before they arose.

The *Garvin* Court also found that by escaping the defendant had failed to live up to an implicit part of the bargain and so could not seek to have the bargain enforced. *Garvin, supra* at 43-44. However, allowing withdrawal of a plea is not enforcing the bargain, it is merely abiding by *Killebrew*'s clear constraints that limit the trial court's discretion when such agreements unravel. If the defendant has violated the agreement, the trial court is free to reject the agreement, and, if the defendant is subsequently convicted of the original charges, the court may consider the violation before imposing an appropriate sentence. However, the court cannot choose to enforce that portion of the agree-

ment in which the defendant waived his constitutional rights in exchange for a limitation on his sentence and ignore that portion of the agreement that restricts the court's sentencing discretion.

I understand why the trial court was not willing to abide by the sentencing recommendation. However, under *Killebrew,* when a trial court decides not to follow a bargained-for recommendation, the defendant must be given the opportunity to withdraw his plea. Because the trial court did not follow the prescribed procedure in this instance, I would vacate defendant's sentence and remand to the trial court.

Defendant's plea was accepted when tendered. However, the trial court, in the interest of justice, can allow an accepted plea to be withdrawn before sentencing, unless the withdrawal would substantially prejudice the prosecutor. MCR 6.310(B). Consistent with *Killebrew,* it would be "in the interest of justice" to allow withdrawal of a plea if the trial court decides to exceed the recommended sentence. Consequently, I would require that the trial court on remand ask the prosecution whether it would be substantially prejudiced by the withdrawal of the plea. If the prosecution would not be substantially prejudiced, the trial court could refuse to follow the sentence recommendation, but would have to give defendant an opportunity to withdraw the plea. However, if the prosecution would be prejudiced by withdrawal of the plea, to avoid violating either *Killebrew* or the court rule concerning withdrawal of guilty pleas, I would require the trial court to sentence defendant in accordance with the recommendation.

I dissent.