PEOPLE v CHAPPELL

Docket No. 191026. Submitted March 4, 1997, at Lansing. Decided May 2, 1997, at 9:05 A.M

Dwight E. Chappell pleaded guilty in the Oakland Circuit Court with regard to four cases that were consolidated for plea-taking purposes and sentencing. The pleas were entered pursuant to a *Cobbs* agreement, *People v Cobbs*, 443 Mich 276 (1993), after the court, David P. Kerwin, J., summarized the sentences that the court proposed imposing. There was no mention at the arraignment or the *Cobbs* plea-taking proceeding that the prosecution intended to seek enhancement of the defendant's sentences in Case No. 95-141109-FH because the defendant was a second-offense habitual offender. At sentencing, Robert W. Carr, J., and at resentencing, E. Avadenka, J., the court increased the sentences in Case No. 95-141109-FH contrary to the *Cobbs* agreement without allowing the defendant to withdraw his plea. The defendant appealed.

The Court of Appeals *held*:

1. The sentencing court deviated from the *Cobbs* agreement in acceding to the prosecutor's request for sentencing enhancement. Although the prosecutor had the procedural right to file a notice seeking sentencing enhancement after the defendant entered his *Cobbs* plea, the defendant had the correlative, absolute right to withdraw his plea once the court agreed to increase his sentence as an habitual offender. The case must be remanded. On remand, the trial court must either sentence the defendant in accordance with the terms of the *Cobbs* agreement or allow the defendant an opportunity to withdraw his plea in Case No. 95-141109-FH.

2. There was an adequate factual basis to support the defendant's plea of guilty in Case No. 88-087278-FH with regard to the charge of violating probation.

Affirmed in part and remanded for further proceedings.

CRIMINAL LAW — SENTENCE AGREEMENTS.

A trial court may participate in the plea negotiation process by indicating the length of the sentence that the court, on the basis of a preliminary evaluation of the case, believes is appropriate for the charged offense; the court's preliminary evaluation does not bind the court's sentencing discretion, however, and a defendant who

pleads guilty or nolo contendere in reliance upon a court's preliminary evaluation with regard to an appropriate sentence has an absolute right to withdraw the plea if the court later determines that the sentence must exceed the sentence thought appropriate in the preliminary evaluation.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Richard Thompson*, Prosecuting Attorney, *Joyce F. Todd*, Chief, Appellate Division, and *Janice A. Kabodian*, Assistant Prosecuting Attorney, for the people.

*Robin M. Lerg*, for the defendant on appeal.

Before: FITZGERALD, P.J., and MACKENZIE and TAYLOR, JJ.

PER CURIAM. This appeal involves four cases that were consolidated in the circuit court for plea-taking purposes and sentencing. In Case No. 88-087278-FH, defendant pleaded guilty of violating his probation. In an amended judgment of sentence, he was sentenced to two to twenty years' imprisonment, to run consecutively to all the other sentences. In Case No. 94-134412-FH, defendant pleaded guilty of possession of less than twenty-five grams of cocaine, MCL 333.7403(2)(a)(v); MSA 14.15(7403)(2)(a)(v), and carrying a concealed weapon, MCL 750.227; MSA 28.424, and was subject to sentence enhancement as a second-time drug offender, MCL 333.7413(2); MSA 14.15(7413)(2). He was sentenced to one to eight years' imprisonment for the drug offense and one to five years' imprisonment for the concealed weapon conviction, to run consecutively to the sentence in Case No. 88-087278-FH and concurrently with each other and all the other sentences. In Case No. 94-136668-FH, defendant pleaded guilty to another count

of possession of less than twenty-five grams of cocaine. He was sentenced to two to four years' imprisonment, to run consecutively to the sentence in Case No. 88-087278-FH and concurrently with the remaining sentences. Finally, in Case No. 95-141109-FH, defendant pleaded guilty to another count of carrying a concealed weapon and to being a felon in possession of a firearm, MCL 750.224f; MSA 28.421(6). At the time of sentencing, the trial court also found that defendant was an habitual offender, second offense, MCL 769.10; MSA 28.1082. His initial sentence of 1 to 5 years' imprisonment for the felony- firearm and concealed weapon conviction was vacated for terms of 1 to 7½ years, to run consecutively to the sentence in Case No. 88-087278-FH and concurrently with each other and all the other sentences. Defendant appeals as of right.[1] We affirm in part and remand in part for further proceedings.

Defendant's pleas were entered pursuant to a *Cobbs* agreement, *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993). At the plea-taking proceeding, the court summarized the terms of the *Cobbs* agreement as follows:

> *The Court*: Okay. Mr. Chappell, as a result of the discussions that began yesterday and have led to your being brought back to Court here today, I have indicated to your attorney and to Mr. Roe, the Prosecutor, and to you now on the record that if I accept your pleas of guilty to the offenses to which Mr. Roe enumerated and I'll proceed

---

[1] To the extent that the people argue, without cross appealing, that defendant's appeal in Case No. 95-141109-FH should not be as of right because it involves a guilty plea to offenses that occurred after the amendment of Michigan's Constitution, Const 1963, art 1, § 20, we will review that plea as if on leave to appeal granted. MCR 7.216(A)(7).

shortly enumerating, that the actual sentence of the Court would be as follows:

On the violation of probation, the 1988 case, you would receive a sentence of a one year minimum with a 20-year maximum.

On the first of the '94 possession cases of possession of cocaine under 25 grams, second offense, you would receive a minimum sentence of one year. The maximum is set by law at eight years. That would be consecutive to the one to 20 for the violation of probation.

On the second possession of under 25 from the '94 docket, also carrying a second offense maximum penalty of eight years, the Court would impose a minimum of one year consecutive to the previous one to eight and the previous one to 20.

On the . . . carrying a concealed weapon and felon in possession of a firearm [charges in Case No. 95-141109-FH], the Court would impose concurrent one to five-year terms for each of those counts.

Those concurrent one to five-year terms would be consecutive to the previous sentences, meaning that as a minimum your grand total would be four years.

Is that your understanding of the agreement?

*The Defendant:* Yes, your Honor.

The court then advised defendant that he would receive the sentences as indicated or else he would be allowed to withdraw the pleas. The prosecutor stated on the record that he was not in agreement with the court's proposed *Cobbs* sentences.

About a week after the pleas were entered, the prosecution filed a notice of intent to seek sentence enhancement in Case No. 95-141109-FH under the portion of the habitual offender law that provides:

The prosecuting attorney may file notice of intent to seek an enhanced sentence after the defendant has been convicted of the underlying offense or a lesser offense upon his

or her plea of guilty or nolo contendere if the defendant pleads guilty or nolo contendere at the arraignment on the information charging the underlying offense, or within the time allowed for filing of the notice under subsection (1). [MCL 769.13(3); MSA 28.1085(3).]

There was no mention at the arraignment and the *Cobbs* plea-taking proceeding that the prosecution intended to seek the enhancement of defendant's sentences in Case No. 95-141109-FH as a second-felony offender. At sentencing, the court increased defendant's sentences in that case from 1 to 5 years' imprisonment to 1 to 7½ years, contrary to the *Cobbs* agreement.[2]

On appeal, defendant argues that the trial court erred in not following the *Cobbs* agreement in Case No. 95-141109-FH and sentencing him without the opportunity to withdraw his plea. We agree.

In *Cobbs, supra,* our Supreme Court recognized that trial judges may participate in the plea negotiation process by indicating the length of sentence that the judge, on the basis of a preliminary evaluation of the case, believes is appropriate for the charged offense. The *Cobbs* Court explained:

The judge's preliminary evaluation of the case does not bind the judge's sentencing discretion, since additional facts may emerge during later proceedings, in the presentence report, through the allocution afforded to the prosecutor

---

[2] Defendant was resentenced after it was agreed that the parties erred in believing that all the sentences should run consecutively to each other for a combined minimum term of four years. On the basis of that portion of the *Cobbs* agreement providing for an overall four-year minimum sentence, he was resentenced as indicated at the outset of this opinion, with the court increasing two of defendant's minimum sentences to two years, while eliminating consecutive sentencing in all the cases but the probation violation case.

and the victim, or from other sources. However, *a defend-
ant who pleads guilty or nolo contendere in reliance upon
a judge's preliminary evaluation with regard to an appro-
priate sentence has an absolute right to withdraw the plea
if the judge later determines that the sentence must exceed
the preliminary evaluation.* [443 Mich 283 (emphasis
added).]

In this case, at the time the trial court made its pre-
liminary *Cobbs* evaluation, there was nothing to sug-
gest that the prosecutor intended to seek sentence
enhancement under MCL 769.13(3); MSA 28.1085(3).
When the court at sentencing acceded to the prosecu-
tor's request for sentence enhancement as a second-
felony offender in Case No. 95-141109-FH, it clearly
deviated from the *Cobbs* agreement. Although, under
the statute, the prosecutor had the procedural right to
file a notice seeking sentencing enhancement after
defendant entered his *Cobbs* plea, under *Cobbs*,
defendant had the correlative, absolute right to with-
draw his plea once the judge agreed to increase his
sentence as an habitual offender. Because the *Cobbs*
agreement was not followed in Case No. 95-141109-
FH and defendant was not given the opportunity to
withdraw his plea in that case, we must remand to
the circuit court.

Enhancing defendant's sentence to reflect his status
as an habitual offender was discretionary, not
mandatory. See MCL 769.10(1)(a); MSA 28.1082(1)(a)
("If a person . . . commits a subsequent felony . . . the
court . . . *may* . . . sentence the person to imprison-
ment for a maximum term which is not more than $1\frac{1}{2}$
times the longest term prescribed for a first convic-
tion . . . " [emphasis added]). On remand, therefore,
the trial court should first decide if it intends to abide

by the terms of the *Cobbs* agreement as originally entered. If the court believes that the original *Cobbs* evaluation should be followed, then defendant should be resentenced to one to five years' imprisonment consistent with that evaluation. If, on the other hand, the court decides it can no longer abide by the *Cobbs* agreement because defendant's sentence should be enhanced because he is an habitual offender, then defendant must be given the opportunity to withdraw his plea in Case No. 95-141109-FH.

Defendant also argues that there was an inadequate factual basis for his plea of violating his probation because the only thing he admitted on the record was that he was arrested for a new offense. This claim is without merit. The court was advised that the probation violation was based on the conduct that led to defendant's convictions in Case No. 94-134412-FH, and defendant stated that he was aware that his possession of cocaine and a firearm violated the terms of his probation. The court therefore had an adequate factual basis to conclude that defendant was not only arrested, but also convicted, of a new offense and hence had violated probation.

Affirmed in part and remanded in part for further proceedings consistent with this opinion. We do not retain jurisdiction.