# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

ISRAEL A. VELEZ,

      Defendant-Appellant.

UNPUBLISHED
October 13, 2015

No. 315209
Alger Circuit Court
LC No. 2012-001997-FC

---

Before: BOONSTRA, P.J., and SAAD and HOEKSTRA, JJ.

PER CURIAM.

Defendant pleaded nolo contendere to first-degree home invasion, MCL 750.110a(2), unlawful imprisonment, MCL 750.349b, and armed robbery, MCL 750.529. He was sentenced to prison terms of 117 months to 20 years for first-degree home invasion, 62 months to 15 years for unlawful imprisonment, and 25 to 60 years for armed robbery. The case is before us now on remand from the Supreme Court "for consideration as on leave granted." *People v Velez*, 497 Mich 1016; 862 NW2d 228 (2015). Because the trial court abided by the *Cobbs*[1] agreement and defendant is not entitled to an opportunity to withdraw his plea, we affirm.

This case arises out of the breaking and entering of a home in Munising, Michigan. Working with accomplices, defendant drove to Munising from out-of-state with a U-Haul van and a car, intending to rob the home in retaliation for the homeowner's purported dishonesty in relation to a "drug deal that had gone bad in Chicago." The homeowner was home when defendant and two of his accomplices entered the home. They were armed with guns, knives, a baseball bat, zip ties, duct tape, and other items. The victim testified to being struck multiple times with a baseball bat. According to the victim, the men eventually zip-tied his hands and secured him to a chair with duct tape. The victim testified that the men took cash and other items. Police were called after a utility worker approaching the house heard yelling and saw that the victim's hands were bound. Defendant and the others attempted to flee with the stolen items, but they were apprehended nearby.

---

[1] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).

Defendant was charged with first-degree home invasion, unlawful imprisonment, armed robbery, assault with a dangerous weapon, assault with intent to commit great bodily harm, four counts of conspiracy, five counts of possession of a firearm during commission of a felony, and felon in possession of a firearm. The prosecution offered defendant a plea agreement, which would allow defendant to plead guilty to first-degree home invasion, unlawful imprisonment, and armed robbery in exchange for dismissal of the remaining charges. At a *Cobbs* hearing, the trial court informed defendant that, if he accepted the plea, in terms of sentencing, the trial court "would be looking at the low end" of the recommended guidelines range.

Eventually, defendant entered a plea of nolo contendere to first-degree home invasion, unlawful imprisonment, and armed robbery. Of significance to the present appeal, the guideline minimum range for armed robbery was 22½ years to 37½ years, and the trial court sentenced defendant to a minimum of 25 years. After sentencing, defendant then filed a delayed application for leave to appeal in this Court, arguing that the trial court erred by failing to abide by the *Cobbs* agreement or to offer defendant an opportunity to withdraw his plea. This Court denied defendant's application for leave to appeal.[2] Defendant then filed an application for leave to appeal to the Michigan Supreme Court, and the Supreme Court remanded the case to this Court "for consideration as on leave granted." *Velez*, 497 Mich at 1016.

On remand, defendant first argues that the trial court erred by failing to follow the *Cobbs* evaluation or to offer defendant an opportunity to withdraw his plea. Specifically, according to defendant, the *Cobbs* evaluation involved a minimum sentence of 22½ years and, by sentencing defendant to 25 years, the trial court impermissibly increased his sentence beyond the *Cobbs* agreement without offering defendant an opportunity to withdraw his plea. In these circumstances, defendant claims that he is now entitled to an opportunity to withdraw his plea. We disagree.

In *Cobbs,* our Supreme Court recognized that, at the request of a party, "trial judges may participate in the plea negotiation process by indicating the length of sentence that the judge, on the basis of a preliminary evaluation of the case, believes is appropriate for the charged offense." *People v Chappell*, 223 Mich App 337, 341; 566 NW2d 42 (1997). See also *People v White*, 307 Mich App 425, 433; 862 NW2d 1 (2014). Although the trial court may give a preliminary sentencing evaluation, this "preliminary evaluation of the case does not bind the judge's sentencing discretion, since additional facts may emerge during later proceedings, in the presentence report, through the allocution afforded to the prosecutor and the victim, or from other sources." *Cobbs*, 443 Mich at 283. Notably, however, "a defendant who pleads guilty or nolo contendere in reliance upon a judge's preliminary evaluation with regard to an appropriate sentence has an absolute right to withdraw the plea if the judge later determines that the sentence must exceed the preliminary evaluation." *Id.* Consequently, if a court chooses to exercise its discretion to impose a sentence outside the *Cobbs* evaluation, it must afford a defendant the

---

[2] *People v Velez,* unpublished order of the Court of Appeals, entered November 20, 2013 (Docket No. 315209).

opportunity to "affirm or withdraw the plea." See *People v Martinez*, 307 Mich App 641, 654; 861 NW2d 905 (2014); MCR 6.310(B)(2).

In this case, to determine whether defendant should have been afforded an opportunity to withdraw his plea, the initial question before us is whether the judge exceeded the preliminary evaluation offered during the *Cobbs* hearing. At the *Cobbs* hearing the trial court twice indicated that, after reviewing a preliminary sentencing report, it "would be *looking at the low end*" of the recommended guidelines range. (Emphasis added.) The recommended guidelines range as it relates to the armed robbery conviction was 22½ years to 37½ years. MCL 777.62; MCL 777.16y. At sentencing, the court ultimately imposed a minimum sentence of 25 years, noting that the sentence was "consistent with the [*Cobbs*] agreement." Given the recommended minimum sentencing range of 22½ to 37½ years, clearly a minimum sentence of 25 years falls squarely within the "low end" of the guidelines range. Because the trial court sentenced defendant in keeping with the *Cobbs* evaluation, the trial court was not required to offer defendant an opportunity to withdraw his plea and defendant is not now entitled to an opportunity set aside his plea on this basis.

Aside from the assertion that the trial court exceeded the *Cobbs* evaluation, defendant also raises two issues on appeal relating to the scoring of several offense variables. However, we decline to consider these issues because they were not included in defendant's application for leave to appeal, either in this Court or in the Supreme Court. Specifically, as stated above, our Supreme Court remanded this matter "for consideration as on leave granted." Under MCR 7.205(E)(4), when an application for leave to appeal is granted, "[u]nless otherwise ordered, the appeal is limited to the issues raised in the application and supporting brief." In defendant's applications for leave to appeal, and the briefs supporting his applications, defendant raised three issues—the *Cobbs* issue addressed above and two issues relating to attorney fees and costs.[3] Because defendant did not raise any issues relating to the scoring of offense variables in either of those filings, those issues are not properly before us. See MCR 7.205(E)(4).

Affirmed.


/s/ Henry William Saad
/s/ Joel P. Hoekstra

---

[3] More specifically, defendant's additional arguments related to the imposition of court costs and his right to an ability-to-pay assessment with regard to attorney fees. However, defendant has not briefed these arguments on remand and, for this reason, we consider these issues to be abandoned. See *People v Boyd*, 470 Mich 363, 378 n 12; 682 NW2d 459 (2004) (finding an issue raised in application for leave to appeal was abandoned when it was not addressed in the defendant's brief on appeal).