PEOPLE v WASHINGTON

Docket No. 111895. Decided November 30, 1999. On application by the people for leave to appeal, the Supreme Court, in lieu of granting leave, reversed the judgment of the Court of Appeals and remanded the case to that Court for further proceedings.

In 1990, Tyree Washington pleaded guilty in the Genesee Circuit Court, Earl E. Borradaile, J., of possession with intent to deliver less than fifty grams of cocaine. He failed to appear for sentencing and a bench warrant was issued. In February 1992, he was arrested in Macomb County on an unrelated narcotics offense, and was housed at the Macomb County jail. In July 1993, the Genesee Circuit Court issued a writ of habeas corpus directing the Macomb County Sheriff to produce the defendant for sentencing. The writ was not executed, however. After his arrest in Macomb County, the defendant was charged in federal court with a separate drug offense that arose out of the Genesee County incident. He was found guilty of the federal charge in May 1994 and was sentenced five months later to 235 months in prison, to be followed by five years of supervised probation. In February 1996, his sentence was reduced to 120 months. The defendant finally was sentenced on the Genesee County charge in November 1996 to 41 to 240 months in prison, concurrent with the defendant's federal sentence. The Court of Appeals, FITZGERALD, P.J., and HOOD and SAWYER, JJ., vacated the defendant's conviction and sentence in an unpublished opinion per curiam, finding violations of the Double Jeopardy Clause of Const 1963, art 1, § 15, and MCL 333.7409; MSA 14.15(7409) (Docket No. 201057). The people seek leave to appeal.

In an opinion per curiam, signed by Chief Justice WEAVER, and Justices TAYLOR, CORRIGAN, YOUNG, and MARKMAN, the Supreme Court *held*:

The defendant relinquished his right to assert a violation of the Double Jeopardy Clause of the Michigan Constitution, Const 1963, art 1, § 15, and MCL 333.7409; MSA 14.15(7409) when he failed to appear for sentencing after pleading guilty.

1. After pleading guilty, the defendant derailed the orderly process of justice by failing to appear for sentencing. Thus, his own misconduct provided the occasion for the alleged error that he now

argues is grounds for reversing his conviction in Genesee County. The potential for a violation under Const 1963, art 1, § 15 and MCL 333.7409; MSA 14.15(7409) would not have arisen had the defendant appeared for imposition of sentence, as directed. By violating the trial court's order and the trust implicit in allowing him to remain free on bond pending sentencing, the defendant gave up the right to later challenge his conviction on this basis.

2. The defendant did not object to any aspect of the plea proceeding held in August 1990, and does not now claim that it was defective in any way. The trial court determined that the plea was voluntarily, knowingly, and understandingly made, and that the defendant had provided a sufficient factual basis. At that point, the prosecution of the crime was complete, and all that remained was for the trial court to decide upon appropriate punishment.

Reversed and remanded.

Justice CAVANAGH, joined by Justice KELLY, dissenting, stated that the Court of Appeals correctly vacated the defendant's state court sentence pursuant to Const 1963, art 1, § 15, MCL 333.7409; MSA 14.15(7409), and *People v Cooper*, 398 Mich 450 (1976). *Cooper* rejected the dual sovereignty doctrine, and instead held that state prosecution is impermissible after federal prosecution if the state and federal statutes at issue are substantially similar. *Cooper* and MCL 333.7409; MSA 14.15(7409) teach that federal prosecution will satisfy the state's need for prosecution when state and federal interests coincide.

In this case, the Court indirectly assaults *Cooper* for the third time in as many years. By concluding that the defendant gave up his double jeopardy protections because of his own misconduct, it takes another step toward the adoption of dual sovereignty without citing any supporting legal authority or accounting for contrary authority, and while ignoring the plain language of MCL 333.7409; MSA 14.15(7409).

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *Arthur A. Busch*, Prosecuting Attorney, and *Donald A. Kuebler*, Chief, Research, Training and Appeals, for the people.

*Martin J. Beres* for the defendant.

PER CURIAM. The Court of Appeals has vacated the defendant's drug conviction and sentence on the basis of a violation of the Double Jeopardy Clause of the

Michigan Constitution, Const 1963, art 1, § 15 and MCL 333.7409; MSA 14.15(7409). We reverse the judgment of the Court of Appeals. The defendant relinquished his right to assert this claim when he failed to appear for sentencing after pleading guilty. The matter is remanded to the Court of Appeals for consideration of the other issue raised by the defendant but not addressed.

I

The defendant was arrested in December 1989 in connection with an undercover drug investigation in Genesee County. In August 1990, he pleaded guilty in Genesee Circuit Court of possession with intent to deliver less than fifty grams of cocaine. MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv).

Although the defendant was scheduled to be sentenced a short time later, he failed to appear and a bench warrant was issued. In February 1992, he was arrested in Macomb County on an unrelated narcotics offense, and housed at the Macomb County jail.

In July 1993, the Genesee Circuit Court issued a writ of habeas corpus that directed the Macomb County Sheriff to produce the defendant for the purpose of sentencing him. The writ was not executed, however.

After his arrest in Macomb County, the defendant was charged in federal court with a separate drug offense that arose out of the December 1989 incident.[1] He was found guilty of the federal charge in

---

[1] The charge was possession with intent to distribute more than five grams of cocaine, contrary to 21 USC 841(a)(1). The defendant also was charged with another offense that was not related to the December 1989

May 1994 and sentenced five months later to 235 months in prison, to be followed by five years of supervised probation. In February 1996, the defendant's federal sentence was reduced to 120 months.[2]

The defendant finally was sentenced on the Genesee County charge in November 1996.[3] The circuit court imposed a prison term of 41 to 240 months, concurrent with the defendant's federal sentence.

The Court of Appeals vacated the defendant's conviction and sentence,[4] finding violations of the Double Jeopardy Clause of the Michigan Constitution, Const 1963, art 1, § 15,[5] and MCL 333.7409; MSA 14.15(7409).[6] The prosecutor seeks leave to appeal.[7]

---

incident, i.e., conspiracy with intent to distribute cocaine and cocaine base, contrary to 21 USC 846.

[2] The federal sentences were the same with regard to each count described in footnote 1.

[3] He first was arraigned on a bench warrant that cited him for contempt for failing to appear for sentencing in 1990, but the warrant was dismissed.

[4] Unpublished opinion per curiam of the Court of Appeals, issued March 20, 1998 (Docket No. 201057).

[5] "No person shall be subject for the same offense to be twice put in jeopardy."

[6] "If a violation of this article [which applies to controlled substance offenses] is a violation of a federal law or the law of another state, a conviction or acquittal under federal law or the law of another state for the same act is a bar to prosecution in this state."

[7] We initially held the application for leave to appeal in abeyance for *People v Childers*, 459 Mich 216; 587 NW2d 17 (1998). After *Childers* was decided, we asked the parties for supplemental briefing regarding three issues: (1) the effect of the defendant's guilty plea on his double jeopardy claim, (2) whether the conviction in Genesee County followed or preceded the federal conviction for purposes of double jeopardy analysis, and (3) whether MCL 333.7409; MSA 14.15(7409) is inapplicable because the defendant had been prosecuted in Genesee County before he was convicted in federal court. Our disposition of this appeal makes it unnecessary for us to resolve these issues in this case.

II

This is an unusual case. After pleading guilty, the defendant derailed the orderly process of justice by failing to appear for sentencing. Thus, defendant's own misconduct provided the occasion for the alleged error that he now argues is grounds for reversing his conviction in Genesee County. In other words, the potential for a violation under Const 1963, art 1, § 15 and MCL 333.7409; MSA 14.15(7409) would not have arisen had the defendant appeared for imposition of sentence, as directed. By violating the trial court's order and the trust implicit in allowing him to remain free on bond pending sentencing, the defendant gave up the right to later challenge his conviction on this basis.[8]

Indeed, one has only to consider the particulars of what occurred in this case to conclude that the defendant's protest defies common sense. The defendant did not object to any aspect of the plea proceeding held in August 1990, and does not now claim that it was defective in any way. The trial court determined that the plea was voluntarily, knowingly, and understandingly made, and that the defendant had

---

[8] The situation is similar to what occurs when a defendant, through repeated disruptive behavior, is removed from the courtroom during trial or voluntarily fails to appear. Although a defendant has a constitutional right to be present for such critical proceedings in the usual circumstance, his later challenge usually will not be heard on this basis because he has created the error that he seeks to protest. *Illinois v Allen*, 397 US 337, 342-343; 90 S Ct 1057; 25 L Ed 2d 353 (1970), *Taylor v United States*, 414 US 17, 19-20; 94 S Ct 194; 38 L Ed 2d 174 (1973), and *People v Swan*, 394 Mich 451, 452; 231 NW2d 651 (1975), cert den 423 US 990 (1975). See also *People v Garvin*, 159 Mich App 38, 43-44; 406 NW2d 469 (1987), lv den 428 Mich 909 (1987), in which the defendant lost the right to withdraw his guilty plea by escaping from custody before sentencing, even though the trial court rejected the proffered sentence bargain.

provided a sufficient factual basis. At that point, the prosecution of the crime was complete, and all that remained was for the trial court to decide upon appropriate punishment.

The defendant does not contend that anyone but he was responsible for his failure to appear for sentencing a short time later. Rather, he protests the consequence, i.e., the relinquishment of his state double jeopardy challenge. The defendant misapprehends what has occurred, however. If he had not breached his agreement to return to court for sentencing, there would have been no possibility of a violation under Const 1963, art 1, § 15, and MCL 333.7409; MSA 14.15(7409), with respect to his Genesee County conviction. The potential arose long after his misconduct, and he will thus not now be heard to complain about a series of events that he set in motion.

> "Neither in criminal nor in civil cases will the law allow a person to take advantage of his own wrong. And yet this would be precisely what it would do if it permitted an escape from prison, or an absconding from the jurisdiction while at large on bail . . . to operate as a shield." [*Diaz v United States*, 223 US 442, 458; 32 S Ct 250; 56 L Ed 500 (1912),  quoting *Falk v United States*, 15 App DC 446, 460 (1899), error dismissed 80 US 636; 21 S Ct 922; 45 L Ed 709 (1901).]

III

For the reasons given, we reverse the judgment of the Court of Appeals and remand this matter to that Court for consideration of the other issue raised by the defendant but not addressed. MCR 7.302(F)(1).

Contrary to the suggestion of the dissenting justice, we do not conclude that "defendant *gave up* his double jeopardy protections because of his own misconduct." *Post* at 301 (emphasis added). Such a conclusion would imply that, in the absence of his misconduct, defendant had "double jeopardy" rights to assert in the first place. That is not so here. It would be more accurate to say that defendant, by his own misconduct, *created* the opportunity to assert rights under MCL 333.7409; MSA 14.15(7409) and *People v Cooper*, 398 Mich 450; 247 NW2d 866 (1976). By holding that defendant may not assert "rights" that came into existence because of his own misconduct, we have not created a new exception to MCL 333.7409; MSA 14.15(7409) or *Cooper, supra*, as our dissenting colleague contends. Instead, we have merely restated the common-sense principle that a criminal defendant may not take advantage of his own wrong.

WEAVER, C.J., and TAYLOR, CORRIGAN, YOUNG, and MARKMAN, JJ., concurred.

CAVANAGH, J. (*dissenting*). Because I would deny leave or would affirm the decision of the Court of Appeals, I dissent. This case springs from the relationship between state and federal law. The Court of Appeals correctly vacated the defendant's state court sentence pursuant to Michigan's Double Jeopardy Clause,[1] MCL 333.7409; MSA 14.15(7409),[2] and *People v Cooper*, 398 Mich 450; 247 NW2d 866 (1976). In

---

[1] Const 1963, art 1, § 15.

[2] If a violation of this article is a violation of a federal law or the law of another state, a conviction or acquittal under federal law or the law of another state for the same act is a bar to prosecution in this state.

*Cooper*, this Court rejected the dual sovereignty doctrine. Instead, *Cooper* held that state prosecution is impermissible after federal prosecution if the state and federal statutes at issue are substantially similar. *Cooper* and MCL 333.7409; MSA 14.15(7409) teach that federal prosecution will satisfy the state's need ·for prosecution when state and federal interests coincide.

Although today's opinion per curiam does not expressly overrule *Cooper*, the Court indirectly assaults *Cooper* for the third time in as many years. The first attack occurred in *People v Mezy*, 453 Mich 269; 551 NW2d 389 (1996). The *Mezy* lead opinion attempted to undermine the validity of *Cooper*, but four justices refused to attack the *Cooper* doctrine. Then, in *People v Childers*, 459 Mich 216; 587 NW2d 17 (1998), the Court upheld the dual prosecution of a sex offender, stating that the social interests of Michigan would be ignored if state prosecution were prohibited. The *Childers* majority erroneously opined that prosecution was permissible under *Cooper* because the state and federal statutes at issue were not substantially similar. I dissented, expressing my fear that *Cooper* would soon become a hollow shell. It is clear that today's decision again chips away at *Cooper*.

By concluding that the defendant gave up his double jeopardy protections because of his own misconduct, the Court takes another step toward the adoption of dual sovereignty. The opinion makes this stride without citing any supporting legal authority. Nor does the Court account for contrary authority; the opinion completely fails to mention *Cooper*. Further,

the plain language of MCL 333.7409; MSA 14.15(7409) is ignored. Instead, the opinion loosely mentions the statute in conjunction with references to the Double Jeopardy Clause. If the Court intends to dispose of *Cooper*, it should do so forthrightly, rather than by subtly peppering exceptions throughout Michigan's case law. This is especially true where the exceptions are not supportable. In my view, both *Cooper* and the Michigan Constitution support the decision of the Court of Appeals.

KELLY, J., concurred with CAVANAGH, J.